## Beek's Appeal.

The Court of Common Pleas having made a mistake in the distribution of the proceeds of a sheriff's sale, a mortgage creditor aggrieved petitioned the court at the next term after the decree, but after the twenty days allowed by law for an appeal had expired: *Held*, that the court had the power to review its decision and to grant relief.

APPEAL by William Beek from the decree of the Court of Common Pleas of *Bucks county*, in the matter of the distribution of the proceeds of sheriff's sale on the *ven. exp.* of Albert G. Beek, *vs.* John Licey, No. 4, September term 1849.

On the 9th day of November, 1849, the Court of Common Pleas of Bucks county decreed a distribution of the proceeds of sale, in the above case, to and among the several lien creditors; and the balance of the funds they decreed to be paid to William Beek, on an award of arbitrators, entered and filed the 10th day of May, 1849; from which award an appeal was taken and was still pending.

From this decree no appeal was taken within twenty days, but on the 5th of February, 1850, a petition was presented to the court by Abraham Althouse, a mortgage creditor of John Licey, setting forth—That John Licey, the defendant in the case of Albert G. Beek *vs.* John Licey, *ven. ex.* No. 4, September term 1849, on the 13th day of October, A. D. 1848, executed to your petitioner a mortgage to secure the payment of $900 upon the real estate sold by virtue of the said writ of *ven. ex.*, which said mortgage was duly recorded in the recorder's office of the said county, on the said 13th day of October, A. D. 1848. That the sum of $2309, the proceeds of the sale of the said real estate of the said John Licey, sold under the said writ of *ven. ex.*, was paid into court, by the sheriff, for distribution among the lien creditors of the said John Licey entitled thereto. Your petitioner further saith that he was entitled to the said sum of $900, with interest, the amount of his said mortgage, out of the said sum of $2309 paid into court as aforesaid; but that your petitioner's said mortgage was, by some accident or mistake of the court, overlooked and neglected to be paid, although the recorder's certificate of the same was before the court at the time of making the distribution, and that the balance of the said sum of money paid into court, as aforesaid, amounting to about the sum of $500, was, on the 9th day of November, 1849, ordered by the court to be paid to William Beek, on an award of arbitrators obtained by him against the said John Licey, for $829.69, and entered of record May 10th, A. D. 1849, in the case of William Beek *vs.* Licey, No. 35, April term, A. D. 1849, which said case is still pending and undetermined on appeal in said court.

That the said sum of about $500 balance, as aforesaid, has not

[Beek's Appeal.]

been paid over to the said William Beek, and is still in court. Your petitioner further saith that he did not know that a distribution of the said sum of money had been made, and that his mortgage had not been paid, until after the adjournment of the last November term of the said court. Your petitioner further saith that great injustice will be done to your petitioner if the order of the court, directing the said balance of $500 to be paid to the said William Beek, as aforesaid, be not rescinded, as the said John Licey is utterly insolvent. Your petitioner, therefore, prays your honours to grant a rule upon the said William Beek to show cause why the said order of court, directing the balance of money in court in the case of Albert G. Beek *vs.* John Licey, *ven. ex.* No. 4, September term 1849, to be paid to William Beek on the award entered May 10th, 1849, in the said case of William Beek *vs.* John Licey, No. 35, April term, A. D. 1849, shall not be rescinded, and the said balance paid to your petitioner upon the said mortgage. And he will, &c.

The court granted a rule agreeably to the prayer of the petitioner, returnable to April term, A. D. 1850.

In pursuance of a rule of court, the following depositions on the part of William Beek, the respondent, were taken:—

Ralph Lapp, a witness produced on the part of William Beek, a judgment creditor of John Licey, being affirmed, says—I saw Abraham Althouse two or three days before November court. He came to see me; I told him he had better employ an attorney, or else he might lose four or five hundred dollars of his money, if not all. He said he had a mortgage on Licey's property, and he thought it was the first one. He then asked me, if it was mine, what I would do? I told him I would rather pay a lawyer five or ten dollars than lose five hundred or a thousand dollars. Then he said I should give five or ten dollars to the lawyer for him. I told him if he said so, I would—so he said I should; then he went off and came back in the evening, and said he guessed there was no use in it, as his money would have to come. Then he went off, and on Monday morning, when court was, he came again and said I should not employ an attorney, as his money would have to come without. I then told him, "May be it may, but don't blame me if it does not." I told him the money was distributed at that court. This conversation was just before November court. He did not say he knew any thing of it. I never saw an advertisement of the distribution. I don't know that Licey has any property. The last I heard of Licey was in Indiana county, Ohio. The mortgage from John Licey to Abraham Althouse, dated October 13th, 1848, for $900 was given upon the real estate sold under a *ven. ex.* in the case of Abraham G. Beek against John Licey, No. 4, September term, A. D. 1849.

Jonas Ott, Esq., sheriff, a witness produced on the part of Beek, being sworn, says—Abraham Althouse came down to Doylestown,

at September court last. He called upon me expecting to get his money of me. I told him the money would be ruled into court and paid out at the next court. I told him I would not pay it out.

February 14, 1851, the court ordered that the decree in favour of Wm. Beek of the money in court for distribution, be revoked; and the money was awarded to Abraham Althouse, saving the right of said Beek, by consent of Althouse and direction of court, to take an appeal to Supreme Court in twenty days.

It was assigned for error:

The court erred in revoking the decree made at November term 1850, and awarding the money to Abraham Althouse.

*Wright*, with whom was *Du Bois*, for Beek the appellant.—The act of June 16th, 1836, in relation to the distribution of the proceeds of sheriff's sales, provides, in sections 89, 90, that the party aggrieved by any decree of the court shall have twenty days for an appeal to the Supreme Court, and if not taken within that time, the money shall be paid over according to the decree.

In Cash's appeal, 1 *Barr* 166, it is decided that a lien creditor, who neglects to appeal from the distribution of a fund raised by execution out of the debtor's land, cannot be relieved by this court, though it clearly appears that he was entitled to the money in contest. See also Finney's Appeal, 3 *Barr* 312; 8 *Barr* 297.

The authority relied on by the court below, of Ross's Estate, in 9 *Barr* 17, was in the Orphans' Court. In that case a final decree had not been made; moreover, a decree in the Orphans' Court may be appealed from to the Supreme Court within three years.

The only remedy for a person aggrieved by a decree in distribution of moneys arising from a sheriff's sale, is by appeal to the Supreme Court, and that must be done in twenty days. The court below *cannot* reverse their own decree.

*Roberts*, for appellee.—Courts may, at their discretion, open judgments and vacate decrees on the ground of fraud, surprise, or mistake. In this case, no injury has been done to any one, and the money has not been paid to Beek: 9 *Barr* 17, Ross's Estate; 1 *Rawle* 323, Kalbach *vs.* Fisher; 6 *Watts* 511; 2 *Maddock's Chan. Rep.* 465; 3 *Pa. Rep.* 265. The application of Althouse for review was at the next term after the decree. In Cash's Appeal, 1 *Barr* 166, it was decided merely that a lien creditor, who does not appeal from a decree of distribution, cannot be relieved by the Supreme Court. In Finney's Appeal, cited on part of appellant, it was decided that if a lien creditor does not claim at time of distribution, but permits the residue to be paid to an assignee for the benefit of creditors, his claim, preferred to the assignee, will come too late.

[Beek's Appeal.]

The opinion of the court was delivered April 4, 1851, by

Rogers, J.—The distribution of a fund arising out of the proceeds of a sheriff's sale, is an equitable proceeding; in its nature somewhat summary. It would lead to manifest injustice, (of which this case is a pregnant example,) if the court should in no case, on application made in a reasonable time, be permitted to correct its own mistake, when plain and palpable. Here the fund is still in court, and the error (admitted to be such) may be amended without injury to any human being. The petition by the party aggrieved was filed at the next term, and after the time for taking an appeal, viz. twenty days, had expired. If, then, the court may not review its decision, the creditor is without remedy. The money, to which he is clearly entitled, goes to a person who has no claim to it; whose debt, in fact, is not yet ascertained, as the award made in his favor is appealed from, and the appeal is now pending. The mortgagee was indeed penny wise and pound foolish, of which, by this time, he is no doubt convinced. The punishment, however, would be rather severe to mulct him with the loss of his whole debt. The stringent rule, which the appellee wishes to apply to the case, would be perilous to suitors, and sometimes most painful to the court; as mistakes cannot always, in the absence of parties not represented by counsel, be avoided.

Decree affirmed.