## APPEAL OF AMANDA M. GIVEN.

FROM THE DECREE OF THE COURT OF COMMON PLEAS NO. 4
OF PHILADELPHIA COUNTY.

Argued March 30, 1888—Decided October 1, 1888.

1. A court, sitting in equity, has no power upon a proceeding by a formal bill to decree the vacation of a judgment entered in the Common Pleas, although when a proper case is presented it may enjoin the plaintiff from enforcing it by process of execution.

2. When a judgment has been entered upon a bond given to obtain the discontinuance of a prosecution for forgery, if the defendant has had no day in court, by proceedings upon rule or otherwise, and is not chargeable with laches in setting up his defence when he had opportunity, the enforcement of the judgment may be restrained by bill in equity, though five years have elapsed since the bond was given.

3. But where, pending an appeal from a decree erroneously dismissing such a bill, the complainant therein proceeded by rule and obtained an order opening the judgment to allow his defence thereto, if the latter proceedings appear of record the dismissal of the bill will be affirmed.

Before GORDON, C. J., PAXSON, GREEN, CLARK and WIL-·
LIAMS, JJ.; TRUNKEY and STERRETT, JJ., absent.

No. 290 January Term 1888, Sup. Ct.; court below, No. 606
June Term 1882, C. P. No. 4.

In September, 1887, Amanda M. Given filed a bill in equity
against Howard R. Kern, which in substance averred:

That on August 28, 1882, George A. Tomlinson, the son-in-
law of the complainant, was arrested upon a warrant issued
upon the complaint of Howard R. Kern, charging him with
the uttering of a promissory note for $1,500, dated June 7,
1882, at two months, purporting to be made to the order of
the complainant and by her indorsed, but with her signature
as indorser forged and counterfeited thereon; that Tomlinson,
when arrested, was brought by the officers, accompanied by the
defendant, to the complainant's residence, when the facts were
made known to her in the presence of Tomlinson, who did not
deny that he had forged said indorsement; that it was then

stated to the complainant that unless she executed a judgment bond to the defendant for $1,400, Tomlinson would have to go to prison, but that if she did execute it, Tomlinson should be released forthwith and the criminal proceeding abandoned; that at first the complainant declined to execute the bond, but after much solicitation by her daughter she finally consented and signed a bond for said amount which had been brought to her residence by the defendant already prepared, and the execution of it was solely for the purpose of obtaining the release of Tomlinson from further prosecution for the alleged forgery, and no further criminal proceedings were had against him; that judgment had been entered upon said bond to No. 606 June Term 1882, C. P. No. 4, in favor of said Howard R. Kern against the complainant; that on July 27th, and August 12, 1887, a scire facias and an alias scire facias, respectively, had been issued, and, although the complainant resided as a tenant in a house belonging to the plaintiff in the judgment, he was seeking to obtain a revival of it on two returns of nihil habet. The prayers were, (1) That the judgment bond aforesaid be declared illegal and void, and that the judgment entered thereon and the writs of scire facias to revive the same be stricken off; (2) That the defendant, plaintiff in the judgment, be restrained from further proceeding to obtain a revival thereof or to issue any writ of execution on the original judgment; (3) For further relief.

The bill was filed to the number and term at which the judgment had been entered.

The defendant demurred to the bill: (1) For want of equity; (2) because the complainant had a complete remedy by rule in the cause wherein the judgment was entered; (3) because of her laches in proceeding by bill; and (4) because the bill was not sworn to.

On September 17, 1887, the court, ARNOLD, J., filed this opinion and decree:

This is a proceeding on the equity side of the court to have a judgment note declared void, and the judgment entered thereon and the writs of scire facias to revive the same struck off; and also to enjoin the plaintiff in the action in which the judgment was entered, who is the defendant in this cause,

from further proceeding to revive the judgment or issuing execution thereon. A demurrer has been interposed upon several grounds, the chief among which is, that there is a full remedy at law by rule to open the judgment, which excludes the jurisdiction in equity, and this raises the question before us.

While it is true that a rule to open a judgment, devised at the time when we had no court of equity, is a substitute for a bill in equity and is conducted upon equitable principles, yet it does not follow, since the courts have equity powers to be enforced according to the forms and procedure in equity, that a bill in equity is a substitute for a rule to open the judgment, so as to supersede or displace the procedure by rule, in cases in which ample relief may be had by that method. There are many and substantial reasons for this. The remedy by rule on the law side of the court is adequate; it is more expeditious; it preserves the right of trial by jury, and is less expensive and burdensome. The doubt which was harbored as to the right of appeal to the Supreme Court, in case of the refusal of the court to open its judgment in a proper case, is now dispelled by the act of April 4, 1877, P. L. 53; although there never was any ground for it, as the Supreme Court had previously entertained such appeals, and in Knox v. Flack, 22 Pa. 337, reversed the Common Pleas for not striking off or opening a judgment entered on a warrant of attorney. In Banning v. Taylor, 24 Pa. 291; Hutchinson v. Ledlie, 36 Pa. 112, it is said that the courts have the power to open or set aside judgments entered by warrant of attorney, and that they may do so upon cause appearing on the record, and also for causes that may be made to appear by evidence. So that it is plain that both at common law and under the statute, the power of the courts over judgments entered by warrant of attorney, is ample.

During the argument our attention was called to the case of Wistar v. McManes, 54 Pa. 318, in which it was held that after the discharge of a rule to open a judgment, a bill in equity may be filed to restrain the plaintiff from further proceedings upon the judgment. An examination of that case shows that not only was relief prayed for, but discovery also, it being alleged that proof of the illegality of the judgment could be obtained only by interrogatories to the defendants.

That case was decided before the act of 1869, which authorized parties to call and cross-examine their adversaries without being concluded by their testimony. Now that this right has been secured at law, there is no longer any necessity to resort to a court of equity for discovery; and this, together with the right of appeal given by the act of 1877, assures a full, adequate and convenient remedy at law, which ought to exclude the expensive and tardy proceedings in equity. No fraud being charged in the bill, and no discovery or account being prayed for, there seems to be no special grounds for the exercise of equity jurisdiction in this case. The defence which is interposed against the judgment is wholly legal.

Without intending to depart from the practice sanctioned in Wistar v. McManes, after the discharge of a rule to open a judgment, we decide that a bill to declare the judgment void and restrain the execution of it, will not be entertained before the refusal or discharge of a rule to open the judgment.

Demurrer sustained and bill dismissed.

A final decree having been signed, the complainant took this appeal, assigning the said decree as error.

*Mr. Sydney Biddle* and *Mr. Walter J. Budd*, for the appellant:

1. So far as the question of laches is concerned, it is completely answered by Monroe v. Monroe, 93 Pa. 520. In that case a rule to open a judgment entered in 1863 was made absolute in 1878, fifteen years afterward, although in 1868 and in 1873, the defendant had signed an amicable confession of judgment of revival. And the objection that the bill was not sworn to is untenable. There is no rule of equity, or rule of court, which requires a bill to be sworn to, and it is unnecessary unless it is to be used as an affidavit in a motion for an injuction or for some similar purpose.

2. Before the passage of the act of April 4, 1877, P. L. 53, the defendant, in a judgment entered under a warrant of attorney, had no remedy whatever for a refusal of the court to open the judgment " unless he resorted to a formal bill and proceeding in equity, which was the only practicable remedy for relief from an unjust judgment: " Knarr v. Elgren, 19 W. N. 531. But if a court of equity has originally assumed jurisdiction

over a particular class of subjects, it will not, as a general rule, be ousted from that jurisdiction simply because, in the progress of common law improvement, redress comes to be subsequently attainable by law : Bispham's Equity, 3d ed., 57— § 37, 229—§ 175.

3. Our rule to open a judgment is conceded to be itself a purely equitable proceeding, not known to the common law, and used as a mere substitute for a bill in equity, because from 1736 to 1836 no court of equity existed in this commonwealth. In either form of procedure, the relief demanded is in equity: Knar v. Elgren, 19 W. N. 531. The jurisdiction is equitable and concurrent, and, if concurrent, it is at the option of the complainant to decide which remedy he will adopt: British Emp. Shipping Co. v. Somes, 3 Kay & J. 443 ; Shotwell v. Smith, 20 N. J. Eq. 79 ; Lovell v. Galloway, 17 Beav. 1 ; Wesley Church v. Moore, 10 Pa. 273.

As the case involved an important point of practice, it was the duty of counsel to submit it to the determination of this court.

*Mr. Hood Gilpin*, for the appellee :

1. In this case, no fraud is alleged and no discovery sought, or needed, as all the facts are peculiarly within the knowledge of the complainant. In England, bills in equity of this character were allowed because the courts of law would not permit the completed rolls of the court to be mutilated by amendments. In Pennsylvania, where the records are not written out at length, the same object is accomplished by rule based on an affidavit and depositions : Stephens v. Stephens, 1 Phila. 108 ; Rees v. Waters, 9 W. 94 ; Sloan v. McKinstry, 18 Pa. 122 ; Kalbach v. Fisher, 1 R. 323 ; Knox v. Flack, 22 Pa. 337 ; Hutchinson v. Ledlie, 36 Pa. 112 ; Bailey v. Clayton, 20 Pa. 295 ; Bradley v. Commonwealth, 31 Pa. 522.

2. The form of relief sought by the complainant is not an absolute right; it is of grace only, and rests, like other equitable remedies, in the discretion of the court, to be exercised upon a consideration of all the circumstances of the case : Rennyson v. Rozell, 106 Pa. 407 ; Willard v. Taylor, 8 Wall. 557 ; Arbuckle's Est., 15 W. N. 304 ; Newhart v. Wolfe, 102 Pa. 561 ; Lauer's App., 12 W. N. 165. After five years' acquiescence,

the court below was right, under the circumstances, in compelling the complainant to proceed in the regular way and on the strictest proof. This course has been adopted, and a rule to open the judgment has been made absolute since this appeal was taken.

OPINION, MR. JUSTICE CLARK:

On the 28th August, 1882, Amanda M. Given executed and delivered to Howard R. Kern a bond bearing that date, in the sum of $1,400. A warrant of attorney was annexed to the obligation, under which on 31st August judgment was confessed in the Court of Common Pleas No. 4, of Philadelphia, to No. 606, June Term, 1882. No further proceedings appear to have been taken thereon, until in July or August, 1887, when an attempt was made to revive the judgment, and thereupon this bill was filed. The bill, after stating the circumstances under which the bond was executed, sets forth, that it was delivered by Amanda M. Given, and accepted by Howard R. Kern, solely to secure the release of one George A. Tomlinson from arrest and imprisonment for the crime of forgery, of which he was guilty; that the bond had no other consideration to support it. The prayer of the bill is, (1) that the bond may be declared illegal and void, (2) that the judgment and the writs of scire facias be stricken off, (3) that Kern be restrained from further proceedings thereon, either for the reviving thereof or by execution, and (4) for further relief. The proceeding is by bill in the equity forms. The court below as a court of equity of course had no power to interfere with the records of the Common Pleas as a court of law, and upon appeal we have no greater power than might have been exercised below. The jurisdiction of the Common Pleas in the entry of the judgment is undoubted, and we cannot strike it off or remove it from the record of that court. The first two prayers of the bill, therefore, we have no power to grant. If a proper case is presented, however, we may enjoin Kern from proceeding to enforce the judgment, but the injunction in such case would not be addressed to, nor would it operate on, the Court of Common Pleas; it would be addressed to him, and would in terms prohibit him from resorting to the legal jurisdiction in which his judgment was obtained for enforcement

thereof. Upon a rule to open or strike off in the Common Pleas the court may lay its hands upon the judgment itself; but, when the proceeding is by bill in the equity forms, the remedy is directed to the parties only.

The real question for consideration, therefore, is, whether or not, as a court of equity, we ought to enjoin Howard R. Kern from further proceeding on his judgment, by execution or otherwise. It would seem to be settled in Pennsylvania that chancery will grant relief by injunction to stay proceedings, where a judgment is procured by fraud or given upon a consideration which is illegal, or upon a transaction contrary to public policy, or in violation of the law, provided the defendant has had no day in court, and has been guilty of no laches in failing to set up the defence when he had an opportunity to do so. This is the doctrine of Wistar v. McManes, 54 Pa. 318; and that case has been followed in a number of cases in the Common Pleas: see Cheney v. Wright, 7 Phila. 431; Hetzell v. Bentz, 8 Phila. 261; Leb. Mut. Ins. Co. v. Erb, 16 W. N. 113. To the same effect also is the reasoning of our late brother TRUNKEY, in Knarr v. Elgren, 19 W. N. 531; see also Barker v. Elkins, 1 Johns. Ch. 466; Henderson v. Hinckley, 17 How. 445; 3 Lead. Cas. in Eq. 194. The jurisdiction in equity in such cases is also assumed in Gordinier's Appeal, 89 Pa. 528, and in Frauenthal's Appeal, 100 Pa. 290; in these cases, however, it was held, modifying the rule laid down in Wistar v. McManes, supra, in this respect, that a bill in equity cannot be maintained to restrain execution upon a judgment at law, where a rule to show cause, etc., founded on the same facts, had previously been discharged by the court.

In the case now under consideration, the effect of the demurrer is to admit that the bond was given in settlement of the criminal charge of forgery of which the son-in-law of the obligor was guilty, and that upon giving the bond the criminal was discharged from arrest and imprisonment. The consideration of the bond was therefore illegal: Bredin's Appeal, 92 Pa. 245, and in equity the obligation was void. Such agreements have a manifest tendency to subvert public justice, and equity will not permit them to be enforced: 1 Story's Eq. 294. "Forgery, or the crimen falsi, is an infamous offence; it is classed with other infamous felonies and misdemeanors, the

compounding of any of which is a misdemeanor, punishable by fine or imprisonment: Act 31st March, 1860, § 10, P. L. 387. Under § 9 of the Criminal Procedure Act of 1860, P. L. 432, no magistrate or court can lawfully permit a settlement of a prosecution for forgery, on satisfaction being made to the party complaining, for infamous crimes are excepted from its operation. . . . . . Stifling a prosecution for forgery, though an offence of the same grade as compounding divers felonies, seems to be a graver offence than compounding some felonies. It comes within the rule that where the welfare of society and the vindication of the law are the chief objects, the defendant may give in evidence the illegality of the contract, as a bar to a suit to enforce it; and this to prevent the evil which would be produced by enforcing the contract or allowing it to stand:" Bredin's Appeal, supra.

The judgment having been entered by confession upon warrant of attorney, the question of the illegality of the consideration was not considered at the entry of the judgment; the defendant cannot be charged with laches in failing to set up her defence, for she has had no opportunity. We are inclined to the opinion, therefore, that the facts set forth in the bill present such a case as equity would take cognizance of, and that the decree sustaining the demurrer and dismissing the bill must be reversed.

But it was stated at the argument, and it is also set forth in the appellee's paper book, and we do not understand the fact to be denied, that the complainant here, after her bill was dismissed below, filed her petition in the law side of the Common Pleas, setting forth, substantially, the same facts contained in the bill; that she obtained a rule to show cause, etc., and upon hearing of that rule, the judgment was opened and the defendant admitted to a defence. This fact does not appear in the record, however, and we cannot give it any consideration in the decree. If this be so, however, she needs no equitable relief. The common law court, which at her request has now taken cognizance of the case, has full jurisdiction, under our practice, to consider the matters of defence alleged in the bill. She virtually abandoned the proceeding by bill, in taking the rule and procuring an order in another jurisdiction. The judgment having been opened, the defendant therein has

opportunity to set up her defence, and after a trial and judgment upon the issue thus presented, the matters of defence set forth in the bill will be res adjudicata, and equity will not retry the issue. It matters not whether the specific matters of defence stated in the bill are actually set up at that trial or not, for if they are not, the defendant in the judgment has thereby had her day in court. If this were not so, the Court of Common Pleas must hear and determine the same matter twice. If when this record is remitted, therefore, it shall be made to appear that the complainant has already obtained relief under proceedings at law, the court will doubtless dismiss the bill on that ground, as we would certainly do now if the facts alleged were disclosed by the record.

> The decree is reversed, and the record remitted for further proceedings; the appellee to pay the costs of this appeal.