## Buck *v.* Buck.

*Bill of review—Bill in equity—Death of parties—Laches.*

A bill of review to open a decree dismissing a bill in equity on the ground of after-discovered evidence is properly dismissed, where it appears that the bill of review was not filed until nearly eight years after the date of the final decree, and after both parties to the suit were dead, and that the allegation as to after-discovered testimony did not state the name of the witness, nor the testimony he would give, nor any reason why it had not been discovered before.

Argued March 19, 1900. Appeal, No. 428, Jan. T., 1899, by plaintiff, from decree of C. P. No. 4, Phila. Co., Dec. T., 1888, No. 617, dismissing petition for bill of review filed by Anna M. Buck, executrix of James Buck, in case of James Buck *v.* Daniel Buck. Before Green, C. J., Dean, Fell, Brown and Mestrezat, JJ. Affirmed.

Petition for bill of review.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was decree dismissing petition for bill of review.

*Henry G. Hartranft* and *H. K. Buck*, for appellant.—If the decree has been assigned and enrolled so that the cause cannot be reheard, and a party seeks to reverse the decree, the remedy is by bill of review: Taylor v. Sharp, 3 Purd. Wms. Repr. 371; Young v. Keighly, 16 Ves. 350; Wortley v. Birkhead, 3 Atkyns, 809.

A bill of review is in the nature of a writ of error: George's App., 12 Pa. 260; Dennison v. Goehring, 6 Pa. 403; Moore v. Moore, 2 Vesey, 598.

A bill of review is the appropriate remedy: Priestley's App., 127 Pa. 420; Riddle's Est., 19 Pa. 431; Russell's App., 34 Pa. 258; Hartman's App., 36 Pa. 70; Milligan's App., 82 Pa. 389; Scott's App., 112 Pa. 427.

*I. Hazleton Mirkil*, for appellee, was not heard, but argued in his printed brief.—The petition does not show the slightest reason for a review: McDowell v. Perrine, 36 N. J. Eq. 632.

A bill of review will not lie if the evidence is simply cumulative or confirmatory: Southard v. Russell, 16 Howard, 547; Purcell v. Miner, 4 Wallace, 519; McDowell v. Perrine, 36 N. J. Eq. 632; Riddle's Est., 19 Pa. 431.

Where the party complaining has been guilty of laches after notice of the decree, the bill should not be granted: Scott's App., 112 Pa. 427; Priestley's App., 127 Pa. 420; Lee's Est., 29 W. N. C. 346; McKnight v. Taylor, 1 Howard, 161.

PER CURIAM, April 16, 1900:

The original proceeding in this case was a bill in equity by James Buck, against Daniel Buck, alleging a partnership which began in 1857, and asking a decree for the declaration of the partnership, a settlement of accounts and a division of profits. The bill was filed February 5, 1889, a master was appointed May 23, 1889, who heard the case upon its merits, and filed his report October 24, 1891, recommending a decree dismissing the bill with costs. On November 14, 1891, a final decree was made by the court below confirming the master's report and ordering the plaintiff to pay the costs. On August 19, 1899, after a delay of seven years and nine months, a petition was presented to the court below by the plaintiff; executrix, asking leave to file a bill of review upon the ground that the plaintiff's wife might be heard as a witness, she having been offered and rejected by the master, and to introduce the testimony of a new witness, not named, to prove the fact of partnership, and that her husband was coerced into signing a release in full of all demands by his brother the defendant. To this petition an answer was filed setting forth the receipt of $12,000 in full of all demands by the plaintiff to his brother, the defendant, on February 18, 1882, denying that there was ever any partnership and that there was any error in the findings of the master and setting up the final decree in 1891. At the time this petition was presented both the parties were dead, but both had survived the final decree for several years, and no appeal had been taken, and no review was asked for by the plaintiff who lived until May 19, 1899. In such circumstances, and upon such a petition, where two of the matters alleged had occurred and been fully heard before the master, and the third was a very indefinite allegation of after-discovered testimony, without stat-

ing the name of the witness or the testimony he would give, or any reason why it had not been discovered before, it would be simply a perversion of justice to reopen the case for a hearing on its merits. All the authorities are against it, and not one is shown supporting it.

Upon the most manifest reasons the petition was properly rejected.

Decree affirmed and appeal dismissed at the cost of the appellant.