## Frantz, Appellant, *v.* Philadelphia et al.

Argued January 3, 1939. Before KEPHART, C. J., SCHAFFER, LINN, STERN and BARNES, JJ.

*Joseph Blank,* for appellant.

*James Francis Ryan,* Assistant City Solicitor, with him *Joseph Sharfsin,* City Solicitor, for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, January 30, 1939:

On October 1, 1929, appellant was demoted from the position of captain of police to that of patrolman by the director of public safety. Appellant asked reinstatement to his former position, by a writ of alternative mandamus filed July 12, 1932. On May 15, 1934, after hearing, the court below entered judgment for defendant on the basis of the decision of this Court in *McCoach v. City of Philadelphia,* 273 Pa. 317. Subsequent to the decision in the case of *Simmler v. Philadelphia et al.,* 329 Pa. 197, holding that demotion can be effected only after hearing by the civil service commission, appellant on May 11, 1938, filed a petition for a bill of review asking that the judgment entered in 1934 be set aside. The court below dismissed the petition holding that it was without power to reopen or set aside its former judgment.

There seems to be some confusion as to the nature and extent of a bill of review, and other proceedings to review judgments or decrees that have the form of finality, because of mistakes or fraud. If appellant's position were sustained, there would be scarcely any finality to judicial decrees or judgments. The law of the case, property rights founded on such decrees or judgments, and other matters too numerous to mention would lose all their basic characteristics.

A bill of review is a proceeding in equity, in the nature of a new suit to set aside or reëxamine the final decree for error of law apparent in the decree itself, or for new matter or after discovered evidence which would require a different result. See *Dennison v. Goehring*, 6 Pa. 402, 403; *Bailey's Est.*, 291 Pa. 421, 423. It is not to be confused with a petition for rehearing under Section 78 of the Equity Rules.[1] As equity has no terms,[2] the common law "term rule" is not applicable to bills of review. But they are subject to the equitable bar of laches[3] and will not be granted where the rights of third parties have intervened since the decree,[4] for equity, like law, favors the finality of judicial proceedings: *Scott's Appeal*, 112 Pa. 427, 437; *Priestley's Appeal*, 127 Pa. 420, 434. In the orphans' court, under the Act of June 7, 1917, P. L. 447, section 48, petitions of review, which are a form of bills of review *(Bailey's Est.*, 291 Pa. 421), are expressly provided for and are subject to their own statutory limitation for filing, which is five years in the absence of fraud: *Elkins's Estate*, 325 Pa. 373, 376; *Colladay's Est.*, 333 Pa. 218. The proceedings involved in *Reamer's Est.*, 331 Pa. 117, were of this type.

---

[1] *Ladner et al. v. Siegel (No. 4)*, 298 Pa. 487, 494. Such a petition must be filed within the time allowed for an appeal.

[2] *Ladner et al. v. Siegel (No. 4)*, 298 Pa. 487, 494.

[3] See *Buck v. Buck*, 195 Pa. 373.

[4] *Ladner et al. v. Siegel (No. 4)*, 298 Pa. 487, 494.

But a bill of review is not available to set aside or strike off a judgment at law. In *Given's Appeal,* 121 Pa. 260, a bill in equity was brought to strike off and declare void a judgment upon a bond. Regardless of the early breadth of a bill of review or of bills to strike off or to open judgments[5] this Court said, at page 265: "The court below *as a court of equity of course had no power to interfere with the records of the Common Pleas as a court of law,* and upon appeal we have no greater power than might have been exercised below. The jurisdiction of the Common Pleas in the entry of judgment is undoubted, and we cannot strike it off or remove it from the record of that court. . . . Upon a rule to strike off in the Common Pleas the court may lay its hands upon the judgment itself; but, *when the proceeding is by bill in the equity forms, the error is directed to the parties only.*" See also *Sherwood Bros. Co. v. Kennedy,* 132 Pa. Superior Ct. 154, 165; 7 Stand. Pa. Prac. 14. A mandamus proceeding is on the law side of the court and the order or decree is a judgment at law providing an extraordinary remedy: *Com. ex rel. v. Henry,* 49 Pa. 530, 538; *Stegmaier v. Goeringer,* 218 Pa. 499, 503. While mandamus has many characteristics of equity the rule of *Given's Appeal,* 121 Pa. 260, leaves no doubt that a court of equity would have no power to set aside such a judgment on a bill of review.

Even if the Court were to regard the present bill as a motion or rule to open or strike off the judgment, since it is entered at the term and number of the original suit, appellant would be barred by the term rule which prevails in courts of law. After the term in which an adversary judgment is entered, proceedings to open or strike off are addressed to the equitable powers of the court and will be allowed only in exceptional cases. See *Fisher v. Hestonville, etc., Pass. Ry. Co.,* 185 Pa. 602;

---

[5] See the discussion of Chief Justice WOODWARD in *Cochran v. Eldridge,* 49 Pa. 365. See also *Beek's Appeal,* 15 Pa. 406.

*Penna. Stave Company's Appeal,* 225 Pa. 178; *McCready v. Gans,* 242 Pa. 364; *Ladner et al. v. Siegel (No. 4),* 298 Pa. 487, 498.

The present proceeding is based on an error of substantive law in the judgment of the court below, and it has been expressly held that a court, at a subsequent term, cannot set aside a judgment duly rendered for such error: *Betts v. Y. M. C. A.,* 88 Pa. Superior Ct. 568, 573, where it was stated that the only remedy is by appeal. See also *Fitzpatrick v. Bates,* 92 Pa. Superior Ct. 114, 116.

It is well settled that a change in the substantive rule of law upon which a former decree was based does not create "an error of law apparent on the face" of that decree, or "new matter" justifying relief by bill of review. See *Scotten v. Littlefield,* 235 U. S. 407, 411; *Simmons Co. v. Grier Bros. Co.,* 258 U. S. 82, 88, 91-2; *Miller v. McCutcheon,* 117 N. J. Eq. 123, 175 A. 155. The decree or judgment never having been reversed or set aside is still the law of that case, notwithstanding a different rule of construction has been applied to the statute. See *Bolton v. Hey et al.,* 168 Pa. 418, 421. And, even if the bill were treated as a motion to strike off, it must be dismissed because the judgment attacked was regular on its face and discloses no apparent error of law: *Nixon v. Nixon,* 329 Pa. 256, 263-4.

*Reamer's Est.,* 331 Pa. 117, is clearly distinguishable. The proceeding there was a petition of review in the orphans' court, which was not governed by the term rule, and in that case the funds were still undistributed in the hands of the court. Here the proceedings are governed by the term rule.

Judgment affirmed.