Wiseman *v.* Martorano, Appellant.

Argued September 26, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

re-argument refused January 2, 1962.

*Martin Croissant,* for appellant.

*John D. Ray,* with him *Ray & Good,* for appellee.

OPINION BY MR. JUSTICE COHEN, November 14, 1961:

Maurice Wiseman, plaintiff-appellee, and Louis Martorano, defendant-appellant, bought a piece of real property in Beaver County. Martorano advanced the full purchase price of $16,000. Within a few months these two men formed a partnership by written agreement for the purposes of dealing in real estate and engaging in the trucking business. The agreement states that, ". . . [T]he first venture of said partners was the purchase of [the above property]."

The partnership agreement also provided that Wiseman execute a non-interest bond and mortgage to Martorano against his undivided one-half interest in the land in payment of Wiseman's share of the purchase price advanced by Martorano. Accordingly, the mortgage was executed on the same day as the agreement.

Martorano, some three years later, caused judgment to be confessed upon and entered on the mortgage bond. An accompanying affidavit of default averred that Wiseman had defaulted by breaching the partnership agreement and by failing to turn the collected rents over to the partnership. Martorano eventually became the purchaser of the property at sheriff's sale.

Wiseman then commenced an equity proceeding, claiming that the property was partnership property; that he had no knowledge either that Martorano was going to enter confession of judgment on the bond or that the property was to be sold at sheriff's sale; that Martorano, as a partner, thereby breached his fiduciary duties to Wiseman; and that the court should, among other things, set aside the judgment and require Martorano to reconvey to him his interest in the property.

The court below, after hearing, entered an interlocutory decree on stipulation of the parties waiving the procedural requirements for findings of fact and conclusions of law. The decree set aside the confession and judgment on the bond as null and void, ordered the

property to be made an asset of the partnership to be held by the partners as tenants in partnership, and placed the property in the hands of a trustee until the parties agreed on a sale of the property to another party.

Two years after the entry of the interlocutory decree, no sale of the property having been made, the lower court ordered a public sale of the property. Martorano filed exceptions to this order, and the court below, after argument, agreed to supplement its prior interlocutory order with findings of fact and conclusions of law. This was done with an accompanying decree nisi dissolving the partnership and appointing a receiver. The lower court adopted this decree as final.

We are to determine whether the lower court properly held the property in question to be partnership property and whether, in relation to that property, Martorano, by his conduct, had breached the fiduciary responsibilities of a partner to a co-partner. Moreover, we are asked to pass on whether or not the court below, sitting as a court of equity, properly "set aside" a judgment of the Court of Common Pleas of Beaver County.

The lower court found that since the property was partnership property, and that since Section 25(c) of the Uniform Partnership Act of 1915 (Act of March 26, 1915, P. L. 18, 59 PS §72(c)) states that the interest of one partner in the partnership is not subject to execution except on a claim against the partnership, that, therefore, Martorano's execution based on a personal claim against Wiseman's interest in the property was invalid. Further, that court found that Martorano, as a partner, had breached his fiduciary duties to his co-partner by repeated instances of fraudulent conduct constituting a design to appropriate the partnership property to himself, and that by reason of Section 32(c) and (d) of the Uniform Partnership Act of 1915 (59

PS §94(c) and (d)) the partnership should be dissolved.

It is settled law in this Commonwealth that, as between the partners themselves, it may be shown that property held by the partners as tenants in common is actually partnership property. *Rosenberger v. Kuesel,* 292 Pa. 184, 187, 140 Atl. 860 (1928). Evidence was presented here, both in the form of the partnership agreement itself and by proof that the property was used solely for purposes of the partnership, which clearly rebuts the presumption that the property was held by the parties as tenants in common.

Once the property is properly determined to be partnership property and the conduct of the partner Martorano is properly found to have been fraudulent, there is no questioning the applicability of the above cited sections of the Uniform Partnership Act of 1915. The record sufficiently substantiates the factual findings of the chancellor, and we find no error in the lower court's conclusions of law on the above issues.

The chancellor, however, committed error when he decreed that the judgment entered by confession by Martorano on the mortgage bond should be set aside as null and void. It is an axiom of the law that a court of equity has no jurisdiction to set aside a judgment of a court of common pleas. *Given's Appeal,* 121 Pa. 260, 15 Atl. 468 (1888). However, there is no restraint on equity to enjoin a judgment creditor from enforcing the judgment of the court of common pleas where the judgment was procured by fraud. *Given's Appeal,* supra; *Frantz v. Philadelphia,* 333 Pa. 220, 223, 3 A. 2d 917 (1939). Still, in this case it would have been a vain act for the court merely to enjoin the judgment creditor, Martorano, from enforcing his judgment, since he already had done so and had acquired title to the property through sheriff's sale. The lower court, therefore, should have specifically ordered Mar-

torano to convey his title to the partnership before appointing a receiver to sell the property and dissolve and distribute the partnership assets equitably. Accordingly, we so modify the decree of the court below.

Decree modified and as modified affirmed, costs to be paid by the appellant.