Shirk *v.* Caterbone, Appellant.

Argued June 10, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Michael J. Perezous,* for appellant.

*Roger S. Reist,* with him *Joseph G. Eidson, Jr.,* for appellee.

Opinion by Flood, J., September 12, 1963:

In this case the appellee moved to quash the appeal because the appellant failed to file his brief or record at the time required by the rules of this court. The appellant filed his brief, but he has not yet filed the printed record nor has he filed a petition under Rule 52 to be excused from doing so or alleged any valid excuse for his failure to do so. He states in his answer to the petition to quash that the appellee is familiar with the papers filed of record. However, this furnishes no excuse, since the requirement of printing the record is for the benefit of the court as well as the parties.

We have nevertheless examined the question raised in the appeal and find no merit in the appellant's position. The appellant seeks priority for a charging order entered in his favor upon a judgment against a member of a partnership, as against a levy, made later, upon personal property of the partnership under a judgment obtained against the partnership by the plaintiff. The court below properly held that the changing order has no such priority. The levy against the partnership reached all the tangible personal property of the partnership levied upon, and was a lien upon the property. The charging order, on the other hand, reached only the distributive share of the judgment-defendant Caterbone, one of the partners, in the assets of the partnership after all its debts had been paid and was not a lien upon any specific property of the partnership. Uniform Partnership Act, March 26, 1915, P. L. 18, §25-(2)(c), 59 PS §72(2)(c); *Northampton Brewery Corp. v. Lande,* 133 Pa. Superior Ct. 181, 2 A. 2d 553 (1938). See *Windom National Bank v. Klein,* 191 Minn. 447, 254 N.W. 602 (1934).

Section 28 of the Uniform Partnership Act of March 26, 1915, P. L. 18, 59 PS §75, provides that upon due application to a competent court by any judgment creditor of a partner the court which entered the judgment

may "charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership . . ." It is obvious from this language that the creditor of the individual partner is entitled only to his debtor's share of the profits or of the net assets upon liquidation. It is equally obvious that the amount due a partnership creditor is a liability that must be discharged before the amount of net assets is determined out of which profits are due to a partner. The partnership creditor who has obtained judgment is entitled to be paid out of partnership assets and may levy upon its tangible property. The creditor of the individual partner, on the other hand, can be paid only out of what remains to the individual partner as his share of the profits after the partnership obligations, including those of any judgment creditor of the partnership have been satisfied. He cannot reach partnership property in execution. *Wiseman v. Martorano,* 405 Pa. 369, 175 A. 2d 873 (1961).

This consideration of the merits is not to be taken as a condonation of the failure of the appellant, without valid excuse, to follow the rules of court with relation to the printing of his brief and the record. These rules are mandatory and will be enforced.

Appeal quashed.