**In the Matter of DUTCH INN OF ORLANDO, LTD., a Limited Partnership, Debtor.**

**Bankruptcy No. 77–395–ORL–P.**

United States Bankruptcy Court, M. D. Florida, Orlando Division.

Jan. 21, 1980.

Irving Mark Wolff, P. A., Sibley, Giblin, Levenson & Glaser, Miami, Fla., for debtor; Whitaker & Koepke, Orlando, Fla., of counsel.

Roth, Weiss & Worman, P. A., Orlando, Fla., for claimant.

## ORDER ON OBJECTION TO CLAIM OF AMERICAN FINANCIAL CORPORATION

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS IS a real property arrangement filed by Dutch Inn of Orlando, Limited (the Debtor) and the matter under consideration is an objection interposed to the allowance of the claim, filed in this proceeding by American Financial Corporation (American), also referred to as AFC. The original objection filed on October 26, 1977, by the Debtor was based on the Debtor's claim that it is not indebted to American in any amount.

On April 27, 1978, this Court, after a duly noticed hearing at which time the Court heard argument of counsel for the respective parties and having considered the claim of American, ruled that the original claim filed on October 13, 1977 and as amended on the 20th day of October, 1977 clearly indicated that the Debtor is not indebted to American in any amount. In accordance with this ruling the Court entered an order on November 16, 1977 which order sustained the Debtor's objection and disallowed the claim of American.

American having been aggrieved by this order timely challenged the order by an appeal to the District Court. On April 27, 1978, the District Court entered an order which reversed this Court's order of disallowance and remanded the matter for further evidentiary hearing on the issue of the intention of the parties to the agreement which formed the basis of the claim filed by American in this proceeding.

On November 27, 1978, the Debtor filed an additional objection to the claim of American and sought a subordination of the claim of American on the ground that since the general creditors of the Debtor will not receive full satisfaction under the confirmed real property arrangement of their claims, the claim of American obtained by assignment from a former general partner of the Debtor should be subordinated and the subordination, if sustained, would in fact operate as a complete disallowance of the claim.

In compliance with the Order of Remand, entered by the District Court, this Court duly scheduled the evidentiary hearing at which time this Court heard testimony of witnesses and having considered the record relevant to this controversy together with the exhibits introduced into evidence now finds and concludes as follows:

Dutch Inn of Orlando, Limited (the Debtor) involved in this proceeding is a limited partnership and was at the time pertinent to this controversy a holder of a long-term land lease obtained from the Walt Disney interest also known as Lake Buena Vista Properties, Inc., located in Central Florida. Dutch Inns of America, Inc. was at the time pertinent to this controversy, but no longer is, a general partner of the Debtor. It is without dispute that Dutch Inns of America, Inc. was indebted to American and prior to the commencement of these proceedings the claim of American was reduced to a judgment which was entered by the Circuit Court of the 11th Judicial Circuit in and for Dade County, Florida in favor of American and against Dutch Inns of America, Inc. in the amount of $640,291.66 plus interest at the legal rate to be computed from January 4, 1974. The obligation represented by this judgment was, at all times, an obligation of Dutch Inns of America, Inc. and had nothing to do with the business of the Debtor. This obligation was created separate and apart from the Debtor's business and the Debtor had no liability in connection with the transaction which created the liability of Dutch Inns of America, Inc. The record further reveals that as of December 31, 1974, the Debtor was indebted in excess of $530,000 to its general partner, Dutch Inns of America, Inc. A financial statement

submitted to American appeared to have verified the validity of this obligation, which also showed a deficit net worth of $4,680,930 of Dutch Inns of America, Inc.

In order to settle this obligation of Dutch Inns of America, Inc. represented by the Judgment entered in favor of American, on May 1, 1975 American and Dutch Inns of America, Inc. entered into an agreement (American's Exh. # 1). This agreement in pertinent part provides as follows:

Dutch Inn of Orlando and Dutch Inns of America covenant that upon the accomplishment of said refinancing, the first proceeds of said refinancing after the payment of the encumbrances now existing on the leasehold interest and the costs associated with said refinancing shall be paid to AFC, such payment to be accomplished through the satisfaction by Dutch Inn of Orlando of its indebtedness to Dutch Inns of America and thereafter the payment of Dutch Inns of America to AFC. In furtherance of this covenant, Dutch Inns of America shall, coincidentally with the execution of this Agreement, assign to AFC its right, title and interest to the extent of $500,000 in the receivable from Dutch Inn of Orlando. This Agreement shall be in effect until December 31, 1975, and should the payment of the judgment not be effected prior to said date, the Agreement shall no longer be binding upon the parties, and AFC shall be free to undertake any proceeding or action which it deems advisable to collect the judgment in full, together with all accrued interest thereon. This Agreement shall also be terminated in the event of a bankruptcy, receivership proceeding, or similar type action by or against either or both Dutch Inns of America and Dutch Inn of Orlando.

The said settlement agreement (Exhibit 1) specifically absolved the Debtor from any indebtedness to American.

At no time did American cause to be executed in its favor a written assignment by Dutch Inns of America, Inc. of the receivable due to it by the Debtor; nor did American perfect a security interest involving the said assigned receivable; nor did the parties contemplate or intend that another document would be executed (pages 11, 14, 15, Transcript of December 5, 1978 hearing).

On October 5, 1978, the Court entered its Order confirming the Chapter XII Plan of Arrangement of the Debtor. Under the provisions of the confirmed Plan the unsecured creditors of the Debtor are not to be paid in full. After the application of the $500,000 set aside for pro rata distribution amongst the unsecured creditors, the indebtedness remaining unpaid due said class still is in excess of $2 million.

Under the provisions of the confirmed Plan, Dutch Inns of America, Inc. was not classified as a general creditor, it was not originally scheduled as a creditor nor did it file a proof of claim in the proceeding.

This is basically the factual background of this controversy which this Court is now called upon to decide. The initial question is whether or not this Debtor is indebted to the claimant in any amount and in the event it is found to be indebted, shall the Court subordinate this claim to the claims of other general unsecured creditors of the Debtor.

The allowability of the claim under consideration stands or falls on the agreement of May 1, 1975 and the evidence presented by the claimant in support of the intention of the parties. Initially, it should be noted that a proof of claim executed and filed in accordance with the rules governing filing of proof of claims, Rule 301(a), constitutes a prima facie evidence of the validity and the amount of the claim; Rule 301(b). This presumption of validity, however, is overcome once the objector makes a showing that the claim should not be allowed either because the Debtor is not indebted to the claimant or for some other reasons which warrant the disallowance of the claim. Once such showing is made the presumption disappears, the burden shifts and the ultimate burden is placed on the claimant to establish that the claim is a provable claim under Sec. 63 of the Act and allowable under Sec. 57 of the Bankruptcy Act.

Applying the foregoing principles to the claim under consideration, this Court is satisfied that the claimant failed to carry the burden placed on it by law and for this reason the claim cannot be allowed. This conclusion is based on the following:

The record is uncontradicted that the agreement specifically absolved this Debtor of any liability to American and specifically disclaimed any assumption by this Debtor of the debt owed by Dutch Inns of America, Inc. to American. Next, the agreement also provides that it has only a limited duration and shall terminate by December 31, 1975 and also in the event a bankruptcy petition is filed by or against either or both Dutch Inns of America, Inc. and the Debtor involved in this proceeding. The record is equally without dispute that no assignment was ever made of the indebtedness owed by the Debtor to Dutch Inns of America to American, it was at most an agreement to make an assignment in the future, which, of course, does not represent a valid and enforceable assignment, besides which never occurred in fact.

Even assuming, but not admitting that it was, in fact, an assignment made by Dutch Inns of America, Inc. to American of the indebtedness owed to it by this Debtor it is clear that the assignment could not have granted a greater right than that which was possessed by the assignor itself. This leads us to the question of the precise legal status and character of the claim of Dutch Inns of America, a general partner against the partnership. The rights of the assignor, in this instance Dutch Inns of America, Inc., shall be, of course, determined with reference to the partnership laws of this State.

■ The Debtor is a limited partnership and under the laws of this State is an entity, separate and apart from its partners. It is the sole owner of the partnership property originally brought into the partnership or subsequently acquired by purchase or otherwise. F.S.A. Sec. 620.081. The general and limited partners of a Florida limited partnership have no property interest in or to any limited partnership property. Any estate in real property acquired in the name of the partnership is partnership property, and is not property of the partners. F.S.A. Sec. 620.081(3), (4). The property of a limited partnership constitutes a trust fund for the benefit of its creditors. 68 C.J.S., Partnership, § 481, p. 1034.

■ A partner's interest in the partnership is his share of the profits and surplus. It is personal property, F.S.A. Sec. 620.685. This rule of law is applicable also to a general partner's interest in a limited partnership, F.S.A. Sec. 620.09, which interest in the partnership is also deemed to be personal property. F.S.A. Sec. 620.18.

The laws of the State of Florida require that the Florida Statutes relating to limited and general partnerships be interpreted and construed to effect uniformity with the decisions of the courts of those states which have enacted the Uniform Limited Partnership Act and the Uniform Partnership Act (F.S.A. Secs. 620.28 and 620.575(3)).

■ Creditors of general partners of a limited partnership have no rights in or to the property of the limited partnership for satisfaction of their claims against such general partners. It is basic law that a creditor of a general partner can only reach a general partner's distributive share of the partnership's profits and surplus after all of the limited partnership's debts have been paid. The general partner's creditor does not have any right to participate in any proceeds derived from the sale or liquidation of the limited partnership's property and assets, unless there is surplus or profit derived from the sale or liquidation of the limited partnership assets. Shirk v. Caterbone, 201 Pa.Super. 544, 193 A.2d 664 (Pa. 1963); see also In re Decker, 295 F.Supp. 501 (W.D.Va.1969); Princeton Bank and Trust Company v. Berley, 57 A.D.2d 348, 394 N.Y.S.2d 714 (1977); Sherwood v. His Creditors, 42 La.Ann. 103, 7 So. 79 (1890).

■ Accordingly, the creditor of the general partner for a non-limited partnership indebtedness, who holds the general partner's claim against the limited partnership, can only be paid out of any distribu-

tion available to general partner after all the partnership obligations have been satisfied in full. *Shirk v. Caterbone*, supra. Under the laws of this State, upon dissolution of the limited partnership and the distribution of its assets, the rights of the general and limited partners are subordinate and inferior to the rights of creditors of the limited partnership. *F.S.A.* Sec. 620.-23.

Applying the foregoing principles to the facts of this case, it is evident that Dutch Inns of America, Inc.'s right against the Debtor was inferior to the claim of the creditors of the Debtor. Thus it has no right to assert its claim against the Debtor's properties neither does American, its assignee, for the following reasons:

The fund created for the benefit of the general creditors was derived from the liquidation of the assets of the limited partnership; the proceeds of said sale were utilized to fund the confirmed Plan of Arrangement (see this Court's order Approving Sale entered September 27, 1978 and Order Confirming Plan entered October 5, 1978) and the liquidation did not produce a surplus, which would be distributable under the laws of this State to Dutch Inns of America and in turn there is none available to American, its assignee.

Thus, even assuming but not admitting that the claim filed by American can be allowed no payment can be made on the claim under the partnership laws of this State until the general unsecured creditors of the Debtor are satisfied in full. Since all creditors of the Debtor are not paid in full no claim of Dutch Inns of America, Inc. could be paid and the fact that this claim is assigned and now held by American is of no consequence. Consequently, American is precluded as a matter of law from receiving any dividend from the fund created from the sale of the limited partnership just as Dutch Inns of America, Inc. would have been precluded from receiving a dividend. Accordingly, its claim, even if allowed, must be subordinated to the claim of the general unsecured creditors which is tantamount in this case to a disallowance of the claim.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's objection to the claim of American Financial Corporation be, and the same hereby is, sustained and the claim of American Financial Corporation be, and the same hereby is disallowed.