PARKER, Judge.
Robert Pressner seeks review of a final judgment which allowed the garnishment of a checking account of GGC Associates, Ltd. (GGC), a limited partnership of which Robert Pressner was the general partner. We reverse.
Maureen Pressner filed a motion for issuance of writ of garnishment against Sun Bank on a judgment she had obtained against Robert Pressner enforcing his obligations from their dissolution of marriage. Sun Bank answered and identified a checking account in the name of GGC Associates, Ltd. (Robert A. Pressner, General Partner) of which it had possession or control. The bank stated that it in good faith was in doubt as to whether the proceeds of the partnership checking account were required to be included in its answer. Mrs. Pressner failed to file a reply to this answer. Mr. Pressner and GGC each filed a motion to dissolve the writ of garnishment. The trial court denied the motions to dissolve and entered a final judgment for Mrs. Pressner.
The answer unequivocally identified the funds as being deposited in a partnership account. Mrs. Pressner failed to reply. Section 77.061, Florida Statutes (1989) provides as follows: “On failure of plaintiff to file a reply, the answer shall be taken as true....” Thus, the funds were established as partnership property. A creditor of a general partner cannot satisfy a judgment against the general partner out of funds of the partnership. In re Dutch Inn of Orlando, Ltd., 2 B.R. 268 (M.D.Fla.1980). Accordingly, the trial court erred in entering a writ of garnishment directed toward the checking account of the partnership.
We reverse and remand with directions to vacate the final judgment and to dissolve the writ of garnishment.
Reversed and remanded.
THREADGILL, A.C.J., and PATTERSON, J., concur.