+ Galbreath *against* Moore.

An agreement between two individuals to enter into a single transaction of purchase for the purpose of profit, does not create a partnership, such as will confine the remedy of either to obtain the fruits of their purchase to an action of account-render. *Assumpsit* may be maintained.

**ERROR** to *Cumberland* county.

This was an action of *assumpsit* by William Moore against Samuel Galbreath for money had and received.

The plaintiff and defendant had entered into an agreement to purchase of a third person several bonds, and had mutually contributed funds for that purpose. Upon the purchase having been effected, the bonds were assigned to Galbreath alone, who, the plaintiff alleged, afterwards recovered and received the money from the obligors. This action was brought to recover the plaintiff's share of it. The objection to the plaintiff's recovery was, that the circumstances of the transaction established a partnership between Moore and Galbreath, an account of the profits of which could only be enforced by an action of account-render. The court (Reed, president) was of a different opinion, and so instructed the jury, who found for the plaintiff 1967 dollars.

*Penrose* and *Carothers*, for plaintiff in error, cited, 2 *Rawle* 226 ; *Watson on Part.* 16 ; Ozeas *v.* Johnson, 4 *Dall.* 434 ; Ozeas *v.* Johnson, 1 *Binn.* 191 ; Andrews *v.* Allen, 9 *Serg. & Rawle* 241.

*Alexander*, for defendant in error.

**PER CURIAM.**—We have already determined that in a single transaction such as this, there is not a partnership to require the remedy to be by account-render. The parties were joint owners of the bonds, as they would have been had the price paid for them been the original consideration and they the obligees. There were no accounts with third persons to be settled; and one of the joint owners might recover in *assumpsit* his proportion of the money paid to the other, as so much received to his use.

Judgment affirmed.