## Knerr *versus* Hoffman *et al.*

1. Assumpsit will lie for a balance struck between partners.

2. If a balance be not struck, account render is the remedy unless the partnership be a single transaction.

3. "Debt," in the Act of June 16th 1836, ¿ 35 (Attachment Execution), will not extend to balance on an unsettled partnership account.

4. Neither the Act of April 4th 1831, ¿ 1, nor the Act of October 13th 1840, ¿ 18 (Account Render), have any application to a proceeding by attachment.

5. The defendant in foreign attachment in account render is not necessarily a party in the scire facias against the garnishee, nor is a non-resident defendant partner in an attachment execution.

6. A creditor of a partner may sell all his interest in the partnership, and the sheriff's vendee can proceed by account render or bill in equity against the other partner.

7. A balance struck between partners may be attached without an express promise to pay it.

8. It is error to reserve a question of the competency of a witness.

9. Strock *v.* Little, 9 Wright 416, remarked on.

March 23d 1870. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.. READ, J. at Nisi Prius.

Error to the Court of Common Pleas of *Lehigh county:* No. 150, of January Term 1870.

This was an attachment execution, issued December 2d 1865, by John L. Hoffman and William H. Hoffman, trading as J. L. & W. H. Hoffman, against Abraham Diefenderfer, in which Edward H. Knerr was garnishee. The judgment of the plaintiffs against Diefenderfer was for $378.33, recovered February 16th 1863. The garnishee pleaded "*nulla bona.*" ·

The plaintiffs offered Diefenderfer as a witness; he was objected to on the ground of interest. The plaintiffs then executed a release to him, reciting that he had been objected to on the ground of interest, and for the purpose of making him competent they agreed that they would not issue any writ to revive the judgment against him, nor any process to collect it, and would not seek to recover it except by the attachment then trying against Knerr, and that

[Knerr v. Hoffman.]

when that should be terminated in any way, they would satisfy the judgment against Diefenderfer.

The garnishee still objecting, the court admitted the witness, and sealed a bill of exceptions.

The witness testified that Knerr, who was mining ore for the Carbon Iron Company, entered into an agreement with him to assist him in mining. Knerr agreed to buy horses and carts, and give witness half the profits and two dollars per day. Witness had sole charge of raising the ore; he was to attend to the work and Knerr to the money; Knerr occasionally paid witness money; witness stated that after paying expenses, &c., there was a balance of $1418.36, of which he was entitled to one-half, from which some deductions were to be made, and the balance due him was $618.36. There did not appear to have been any settlement of the partnership accounts. After this attachment had been issued, Knerr and witness went to a justice of the peace for advice. Knerr said, "there was an attachment laid on my money he had there; the justice asked how much it was; Knerr said, some $620; Knerr said it was partnership we raised the ore in." There was other evidence that Knerr and Diefenderfer were in partnership, and also as to the condition of their accounts.

The defendant submitted these points :—

1. An equitable demand which Diefenderfer might have against Knerr, the garnishee, is not the subject of attachment.

3. The release of plaintiffs to Diefenderfer is an absolute discharge and satisfaction of the judgment against him, and the plaintiffs have no judgment upon which a recovery can be founded.

5. There is no evidence of any sum or amount in the hands of Knerr, which is the subject of attachment, and the verdict should be for the garnishee, Knerr.

6. Under the evidence in the cause Knerr, garnishee, is entitled to a verdict.

The court (Longaker, P. J.) reserved the 1st, 3d and 5th points "on the finding of a special verdict," and denied the 6th point. The judge also reserved the question whether Diefenderfer was a competent witness.

The verdict was: "The jury do say they find the sum of five hundred and twenty dollars due Abraham Diefenderfer by Edward Knerr, garnishee of said Abraham Diefenderfer, not wages."

The defendant moved for a new trial, and the plaintiffs moved for judgment against Knerr for $520.

On the 1st of November 1869, Judge Longaker delivered the opinion of the court, holding Diefenderfer to be a competent witness, made this order :—

"The 1st, 2d and 5th points of the defendant, which were reserved as part of the special verdict, are now answered in the negative.

[Knerr *v.* Hoffman.]

"The reasons filed in behalf of a new trial are overruled, and the motion of the plaintiff for judgment for $520 and costs upon the special verdict, is made absolute."

The garnishee took out a writ of error.

He assigned for error 1st, 2d, 3d and 5th, the answers to his points; 4th, reserving the question of the competency of Diefenderfer, "because, if decided to be incompetent, judgment *non obstante veredicto* cannot be entered." 6th, admitting the testimony of Diefenderfer; 7th, 8th and 9th, portions of the opinion of the court on the reserved questions.

*J. D. Stiles*, for plaintiff in error.—As to Diefenderfer's competency: Fitzsimmons's Appeal, 4 Barr 248; Wilkinson *v.* Turnpike Co., 6 Id. 399.   As to the reservation: Wilde *v.* Trainor, 9 P. F. Smith 439; Clark *v.* Wilder, 1 Casey 314; Irwin *v.* Wickersham, Id. 316; Wilson *v.* Steamboat Tuscarora, Id. 317; Winchester *v.* Bennett, 4 P. F. Smith 510.

*Erdman* and *Oliver*, for defendants in error.—What was due Diefenderfer was not wages: Heebner *v.* Chave, 5 Barr 115; Hipple *v.* Brooke, 13 Wright 147.   The balance due Diefenderfer was subject to attachment, although there was a partnership: McCarty *v.* Emlen, 2 Dall. 277; Morgan *v.* Watmough, 5 Whart. 125; Ins. Co. *v.* Field, 9 Wright 129; Strock *v.* Little, Id. 416. As to Diefenderfer's competency: Evans *v.* Sexton, 2 Philada. R. 300.

The opinion of the court was delivered, March 31st 1870, by

SHARSWOOD, J.—The nine specifications of error may be most advantageously considered by classifying them.

The 1st, 3d and 5th raise the question whether the claim or demand by Diefenderfer, the original defendant, against Knerr, was the subject of an attachment in execution under the Act of Assembly of June 16th 1836, § 35, Pamph. L. 767.   According to the testimony of Diefenderfer himself, who was examined as a witness for the execution-creditor, he was engaged by Knerr to superintend the raising of ore for "half the profits and two dollars a day."   By the 5th section of the Act of April 15th 1845, Pamph. L. 460, it is provided "that the wages of any laborers or the salary of any person in public or private employment, shall not be liable to attachment in the hands of the employer."   As wages or salary cannot be attached, if anything was the subject of the process it was the balance of a partnership settlement.   If such a balance be struck between the partners, assumpsit will lie; but if not, account render is the only proper form of action, unless indeed it be a partnership in one single transaction: Ozeas *v.* Johnson, 1 Binney 191; Andrews *v.* Allen, 9 S. & R. 241; Van Amringe *v.*

Ellmaker, 4 Barr 281; Brubaker v. Johnson, 3 Penna. R. 295; Galbreath v. Moore, 2 Watts 86. Now although the word "debt" in the Act of 1836 has received a very wide interpretation so as to include unliquidated damages in actions in form ex contractu, as in Girard Fire and Marine Insurance Co. v. Field, 9 Wright 129, yet it has never been held to extend to a claim for a balance arising upon an unsettled partnership account. The learned judge below refers to Strock v. Little, 9 Wright 416, as deciding the contrary. But it was not there held that the balance of an unsettled partnership could be attached, but merely that an action of account render could be commenced between the partners by the process of foreign attachment. When account render is the only form of action between the parties, it is very plain that there is no debt which can be attached. In such an action the first judgment is properly quod computet, and then either by auditors or by a jury in the sound discretion of the court, an account is settled, and a balance ascertained. The Act of April 4th 1831, Pamph. L. 492, invested the jury with full power to settle the account of the parties, with a necessary proviso that the court or a judge might make "such orders upon any of the parties, in relation to books, documents or papers, as may appear to be necessary, for a full and equitable adjustment of the controversy." After a few years' experience it became evident that partnership accounts in nine cases out of ten could not be settled by a jury trial, and the legislature interposed by the 18th section of the Act of October 13th 1840, Pamph. L. 1841, p. 7, leaving it to the discretion of the court "to appoint auditors and proceed according to the practices and usages of the common law or direct a jury to be impannelled to settle the accounts of the parties and find the balance due the plaintiff or defendant." Neither of these acts has any application to a proceeding by attachment. Indeed in a foreign attachment, to which this process of execution is likened, to the scire facias against the garnishee, the non-resident defendant who is the partner between whom and the garnishee the account is to be settled, is not a party; nor in an attachment of execution is the defendant, if a non-resident, necessarily a party. It would be entirely intolerable to leave a jury to settle a long and complicated partnership account of many years' standing—occupying as it necessarily must many days or even weeks—the tribunal being altogether incompetent to that careful and full examination of books, correspondence and papers, which is required of auditors at common law or masters in chancery. Nor is the execution-creditor without an appropriate remedy. Upon a fieri facias he can sell all the right, title and interest of the defendant in the partnership, and the sheriff's vendee can institute either an action of account render or file a bill in equity.

But there was evidence from which the jury might have infer-

15 P. F. Smith—9

[Knerr *v.* Hoffman.]

red, that the account in this case had been settled between the parties, and a balance struck.　Diefenderfer testified to having gone over the books with Knerr, and added, "Knerr and I went to Squire Kemmerer.　Knerr asked the squire for advice; he stated that there was an attachment laid on my money that I had there; Kemmerer said how much it was; Knerr said some $620."　In the assignments of error, under consideration, the plaintiff complains of the refusal of the court to charge, that there was no evidence of any sum in the hands of Knerr, which was the subject of attachment; but here was evidence of an admitted balance which the jury might well have inferred had been struck between the parties, and such a balance is a debt, for which an action of assumpsit may be maintained without proof of an express promise, as was held in Van Amringe *v.* Ellmaker, 4 Barr 281, and therefore properly attachable in execution.　It is true, that it does not appear from the copy of the charge filed of record, that the case was put to the jury on that ground, but there is no assignment of error, which applies to that part of the charge, and we see no reason to notice it, where substantial justice has been done by the verdict.

The 2d and 6th assignments, relate to the effect of the instrument of April 12th 1869, executed by the plaintiffs, under seal, and given in evidence, upon the competency of Diefenderfer as a witness, and upon the right of recovery.　It was a covenant to look only to the pending attachment for payment of the judgment, and upon its final determination to satisfy the same.　It was not an absolute release, and could not be set up in this proceeding as such, though it might in any other.　It was in no sense an assignment of the claim by Diefenderfer; for the failure of the plaintiff to recover in the attachment, would have been no bar to an action or bill by him against Knerr.　Under this covenant Diefenderfer stood indifferent between the parties; indeed, he was testifying against his own interest, for a judgment for the plaintiffs would have been a bar at least *pro tanto* to an action by him against the garnishee.　These assignments of error are therefore not sustained.

The 7th, 8th and 9th assignments are to portions of the opinion of the court delivered on entering judgment on the special verdict, and the reserved points.　We have before us only the question whether that judgment was right, not whether the reasons for it were sound.　Many a right decision has been made for wrong reasons.　What is termed the special verdict, was that the jury found the sum due by the garnishee—adding "not wages." This was merely surplusage.　It may sometimes be useful for a jury to indicate how they find particular facts, but in this instance it was unnecessary, as they could not, under the instructions they received, have found for the plaintiff at all, unless they had found

[Knerr *v.* Hoffman.]

that the debt attached was not for wages. The judgment upon the points properly reserved, was, as we have seen, right.

The only remaining assignment is the 4th, that the court erred in reserving the question of the competency of Diefenderfer as a witness. This was undoubtedly an error, but a harmless one, for the judgment is not entered *non obstante veredicto.* That judgment clearly could not have been entered upon such a reservation, unless indeed the testimony of the witness objected to had been the only evidence in the cause.

Judgment affirmed.