Conshohocken Tube Co. *v.* Iron Car Equipment Co., Defendant. Joseph S. Harris, Edward M. Paxson, John Lowber Welsh, Receivers of the Philadelphia & Reading R. R. Co., Garnishees, Appellants.

*Foreign attachment—Judgment on answers—Receivers.*

The answers of a garnishee in foreign attachment are not to be construed with the same strictness as an affidavit of defense, and judgment will not be entered on answers which set forth an adverse claim to the fund, or which do not by a fair interpretation admit an indebtedness due to the defendant for some specific amount or, at least, for a sum sufficient to cover the plaintiff's demand.

*It seems* that since the act of congress of 1888, an attachment may issue out of a state court against a receiver appointed by a federal court, but if it becomes necessary for the receiver's protection to withhold judgment until the opinion of the proper United States court can be taken upon the propriety of the payment to the attaching creditor, this should be done.

Argued March 27, 1895. Appeal, No. 119, Jan. T., 1895, by garnishees, from judgment of C. P. No. 3, Phila. Co., March T., 1894, No. 25, on answers of garnishees. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Reversed.

Foreign attachment. Rule for judgment on answers of garnishees.

The substance of the answers are stated in the opinion of the Supreme Court.

The court entered judgment against garnishees upon their answers.

*Error assigned* was above order.

*John G. Lamb,* for appellants.—It is proper for a claimant of the fund to notify the garnishee of his claim, as has been done here, and it is then the duty of the garnishee to set it up in his answers: Allison v. Elberson, 1 W. N. C. 388.

Even an assignee for benefit of creditors of defendant in foreign attachment will not be permitted to intervene and defend the suit. His rights must be worked out through the garnishee by means of a notice to them, setting forth the particulars of

his title: Thistle Mills v. Watson, 2 Pa. C. C. 271; Elberman v. Bloom, 10 Pa. C. C. 413.

The court should not give judgment upon the answers where there are adverse claims to the fund. The rights of third parties are not to be decreed upon the answers: Moore v. Moore, 34 Leg. Int. 12; Sheetz v. Leech, 2 W. N. C. 291; Bank v. Gross, 50 Pa. 224; Troubat & Haly's Practice, 1201.

The court should not enter judgment against garnishee on his answer unless upon a clear and unqualified admission of assets, express or implied: Savings Bank v. Meyer, 59 Pa. 361; Fithian v. Brooks, 1 Phila. 260; Ferguson v. Craig, 1 W. N. C. 153; Lancaster Co. Bank v. Gross, 50 Pa. 224.

The admission of the garnishees without notice of this claim cannot bind the claimant: Bank v. King, 57 Pa. 202.

*Henry M. Tracy,* for appellee.—Doubtful, indefinite and sweeping statements will not satisfactorily supply the omission of details and particulars in the answers: Barker v. Osborne, 71 Me. 70; Smith v. Chicago R. R. Co., 60 Iowa, 312; Lamb v. Franklin Mfg. Co., 18 Me. 187; Ripley v. Severance, 6 Pick. (Mass.) 474; Am. & Eng. Ency. of Law, vol. 8, p. 1209.

Where a debt is attached after it has been assigned, the garnishee may give notice of the attachment to the assignee and he must come in and defend for his interest: Wilcock v. Neel, 1 Phila. 129; Irwin v. P. & C. R. R., 43 Pa. 488; Philson v. Barnes, 50 Pa. 230.

OPINION BY MR. JUSTICE WILLIAMS, April 29, 1895:

The appellants are garnishees in a foreign attachment against whom a judgment has been entered "for amount admitted." The question to be now decided is whether the answers support the judgment. Looking at the answers and the several amendments as they stood when the judgment was entered their formidable proportions may be reduced to three brief statements. First, the receivers of the Philadelphia & Reading Railroad had purchased railroad supplies that were unpaid for to the amount of four thousand nine hundred and thirty-five dollars and sixty-five cents, by orders sent to the defendant and filled apparently by them. Second, that they are informed by the counsel of a

company known as the Railroad Equipment Company that these orders were in fact filled by that company and not by the defendant, and that the money due for said materials belongs to, and is claimed by, the Railroad Equipment Company, and does not belong to the defendant. Third, that the receivers were appointed as such by the circuit court of the United States for the eastern district of Pennsylvania, and that they are advised by counsel that the amount due by them for materials " cannot be the subject of attachment in this proceeding." The answers admitted an indebtedness for materials, and set up two reasons why judgment should not go against the garnishees in this attachment proceeding. The first of these, which set out the claim of the Railroad Equipment Company to have filled the orders made by the receivers and to be entitled to the money due therefor, was a sufficient reason for refusing the judgment. It was not incumbent on the garnishees to show that the claimant had a good title to the money. They were stake-holders merely and were not bound to determine at their peril to whom the money in their hands should be paid: Lancaster County Bank for use v. Gross et al., 50 Pa. 224. The answers of a garnishee are not to be construed with the same strictness as an affidavit of defense, and judgment will not be entered on answers unless the answers do by fair interpretation admit an indebtedness due to the defendant for some specific amount or, at least, for a sum sufficient to cover the plaintiff's demand: Allegheny Savings Bank v. Meyer et al., 59 Pa. 361. A garnishee is entitled to the protection of the court, and a judgment should not be rendered against him where there is doubt as to the defendant's title to the fund attached: Biddle v. The Bank, 41 L. I. 15. In such cases the rule for judgment should be discharged and the title to the fund determined by an issue tried before a jury. The second reason was not sufficient as it was stated by the garnishees. They alleged no reason for thinking that the judgment of the state court would not afford them a sufficient voucher upon the circumstances of this case. They did not so much as express a fear upon that subject. They simply set up the advice of counsel that the debt due by them " cannot be subject to attachment in this proceeding." We think it can be ; but whether judgment should be rendered in any given case must depend upon circumstances. The accounts of the

receivers must be settled in the court which appointed them, and if the transaction out of which the indebtedness grew was such as that court could not approve, or the payment of the money attached would be a withdrawal of it from the proper purposes of the trust created by the appointment, then in any such case upon the suggestion of the receivers the state court would suspend the proceedings until the consent of the proper court could be asked and obtained. Since the act of congress of 1888 we think an attachment may issue against a receiver as garnishee, but if it becomes necessary for his protection to withhold judgment until the opinion of the proper United States court can be taken upon the propriety of the payment to the attaching creditor this should be done. In this case we put our reversal of the judgment wholly upon the other ground.

The judgment appealed from is now reversed and the record remitted with instructions to the court below to discharge the rule for judgment against the garnishees and proceed to determine the right of the claimant, the Railroad Equipment Company, to the fund attached by an issue to be tried before a jury.