## Importers and Traders National Bank of New York *v.* Lyons.

*Attachment execution—Answers to interrogatories.*

Judgment should not be entered against a garnishee in an attachment execution, where he states in his answers to interrogatories that he has in his hands moneys which he believes to be the property of the defendant, but that the same are claimed by a third person, and that if he pays them to the plaintiff, he may be compelled to pay them a second time. The garnishee is a mere stakeholder of the moneys in his hands, and is not bound to determine at his peril to whom they should be paid.

Argued Jan. 19, 1900. Appeal, No. 351, Jan. T., 1899, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1899, No. 760, on answer to interrogatories in case of Importers and Traders National Bank of New York v. J. Harry Lyons, defendant, and Samuel Simpson, individually, and trading as Samuel Simpson & Co., garnishee and appellant. Before GREEN, C. J., MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Reversed.

Attachment execution.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was in entering judgment against the garnishee.

*John G. Johnson*, with him *Emil Rosenberger*, for appellant. —There was no admission of an amount due to J. Harry Lyons which justified the entry of judgment in favor of his attaching creditor: McCallum v. Lockhart, 179 Pa. 429 ; Hagy v. Hardin, 186 Pa. 428.

*James W. M. Newlin*, for appellee.

OPINION BY MR. JUSTICE BROWN, April 23, 1900:

This is an appeal by a garnishee, who complains that, if the judgment entered against him in the court below be allowed to stand, he may be compelled to pay the amount of the same to another, after having paid it to the attaching creditor. The judgment entered against him was upon his answers to interrogatories filed by the appellee. The latter had obtained judgment against J. Harry Lyons, and an attachment execution was issued upon it, in which the appellant was named as garnishee. Fifty-one interrogatories were filed and among the answers to them is the following, which is practically all we need consider in determining whether the judgment was properly entered. "Preliminarily, I state that Elizabeth J. Lyons (mother of J. Harry Lyons), through her attorneys, Messrs. Crawford, Loughlin & Dallas, have notified me that she is the party interested as partner, or otherwise, in the moneys and property in my hands which I claim to be due to her son, the said J. Harry Lyons. She claims that none of these moneys belong to him, but that all the same belong to her. I dispute her claim; but, upon the payment to plaintiff of a judgment for any amount against me as garnishee of said J. Harry Lyons, I will be exposed to the danger of being compelled to meet her claim, and of being compelled, if the same shall be decided in her favor, to pay her what I shall have been compelled to pay under such judgment to the plaintiff in the present attachment execution. Whilst, therefore, I mean to assert my claim that I owe said Elizabeth J. Lyons nothing, and that whatever I may owe is due to J. Harry Lyons, I pray that said Elizabeth J. Lyons shall be permitted, in this proceeding, to assert her claim to the moneys in my hands as against the attaching plaintiff, so that the decision of the matter shall bind not only myself, but J. Harry Lyons and Elizabeth J. Lyons. I have caused a notice of these proceedings to be sent to the counsel of Mrs. Lyons, and have asked said counsel to take such steps as may be necessary to enable them to intervene. I ask that said Elizabeth J. Lyons be allowed to file her answer covering the whole matter of the claim against me, and that said answer may be treated as though filed by me, before the court will determine whether or not judgment will be entered against me as garnishee of J. Harry Lyons in favor of the attaching creditor."

In the foregoing answer, the garnishee frankly admitted that he had moneys in his hands which he believed were due to the defendant in the attachment; but, at the same time, answered as a reason why judgment should not be entered against him, that Elizabeth J. Lyons had formally notified him that all moneys and property attached in his hands as belonging to J. Harry Lyons, were hers. On the very day that the first set of interrogatories was filed, eminent counsel, representing her, notified the garnishee, in writing, of her claim to what had been so attached, and that he would be held responsible to her for the same. The record before us fails to disclose that, at the time judgment was entered against the garnishee, anything had been done by Mrs. Lyons in support of her claim to the attached assets; but her learned counsel, in his paper-book, has called our attention to a proceeding which she shortly afterwards instituted for their recovery. We call attention to this simply as evidence of the justification of the garnishee's answer that judgment against him on the attachment might expose him to the danger of being compelled to pay a second time.

The answer of the garnishee, which we have quoted, that another claimed the moneys in his hands, and that he was exposed to the danger which he set forth, if judgment should be entered against him in the attachment execution, was sufficient for refusing the same. He was a mere stakeholder of the moneys in his hands, and was not bound to determine, at his peril, to whom it should be paid: Lancaster County Bank v. Gross, 50 Pa. 224. He was entitled to the protection of the court, and a judgment should not have been rendered against him, when there was a doubt as to the defendant's title to the fund attached: Biddle v. The Bank, 41 Leg. In. 15. In Conshohocken Tube Co. v. Iron Car Co., 167 Pa. 592, the garnishees in their answer, admitted an indebtedness for materials furnished to them upon orders sent by them to the defendant in the attachment execution and apparently filled by it. The answer, which was held sufficient for refusing the judgment asked for by the attaching plaintiff, was, that the garnishees had been informed by the counsel of a company known as the Railroad Equipment Company that these orders had, in fact, been filled by that company, and not by the defendant, and that the money due on the said materials belonged to, and was

claimed by the Railroad Equipment Company, and did not belong to the defendant in the attachment. Judgment was entered against the garnishees, but we reversed it, holding that the answer was sufficient for refusing it. Speaking for the court, Mr. Justice WILLIAMS held that it was not incumbent on the garnishees to show that the claimant had a good title to the money, and as they were mere stakeholders, they were not bound to determine, at their peril, to whom it should be paid. " In such a case, the rule for judgment should be discharged and the title to the fund determined by an issue tried before a jury." In the case before us, the garnishee is willing to pay, but simply asks to be protected when he does pay, and not be subjected to a liability to pay a second time the amount of the judgment which was directed to be entered against him. He should have this protection, which can readily be extended to him without prejudice to the claim of the rightful owner of the funds in his hands. As his answers were amply sufficient for refusing the judgment, we reverse it for that reason alone, and remit the case for trial upon an issue to be properly made up.

If we were to sustain the contention of the appellee that, at the time the attachment was issued, Lyons was a partner, we would be compelled to summarily dispose of this appeal by reversing the judgment entered against the garnishee ; for, if the defendant was a partner, and there was no settled account between him and the garnishee, which is not pretended, no attachment could lie : Knerr v. Hoffman, 65 Pa. 126. The remedy would be under the Act of April 8, 1873, P. L. 65. But we will not summarily so dispose of it.

We reverse the judgment entered by the court below, because the answers of the garnishee were sufficient for refusing it. The rule to show cause why judgment should not be entered against the appellant is discharged and the record remitted, that the cause may proceed to issue and trial in due course of law, to determine what the real relations between the defendant and the garnishee were and to ascertain the rightful claimant of the funds attached.