## Stern & Company *v.* Harrod et al., Appellant.

*Attachment execution— Garnishees— Interrogatories— Answers— Construction of—Judgment on garnishee's answers.*

In an attachment execution against a building and loan association, the answers filed to interrogatories disclosed that the defendant had assigned to the association eighty shares of its stock as collateral security for a mortgage loan; that before judgment was entered defendant assigned his equity in the stock to a third party; and that the debt was never paid.

In such case the garnishee was merely a stakeholder as to any part of the stock which might remain after the satisfaction of the mortgage, and it was error for the court to enter judgment in favor of the plaintiff on the answers.

Before judgment can be taken on answers to interrogatories there must be a distinct admission of liability such as leaves no doubt. If the facts stated appear to be insufficient to entitle the plaintiff to judgment the court should refuse it, whereupon the plaintiff can have a rule on the garnishee to plead and proceed to trial. The garnishee's answers are not construed with the same strictness as an affidavit of defense All he is required to do is to set forth such facts as are material to the admission or denial of the indebtedness to the defendant.

*Decedents' estates—Attachment execution—Jurisdiction—Common pleas.*

The court of Common Pleas is without jurisdiction to entertain an attachment execution to collect the amount of a judgment, recovered against a decedent and revived against his executors, where it appears that the decedent died before the attachment was issued.

Argued December 14, 1926.   Appeal No. 308, October T., 1926, by the Mutual Guarantee Building and Loan Association from decree of C. P. No. 5, Philadelphia

County, September T., 1924, No. 6552, in the case of
Stern & Company, a Pennsylvania corporation, v.
William A. Harrod and Alfred C. Williams, executors
of the estate of Jameson L. Clarke, deceased, defend-
ants, and Semper Fidelis B. & L. Assn., Gorgas B. &
L. Assn., City Square B. & L. Assn., and Mutual
Guarantee Building and Loan Association, garnishees.
Before Porter, P. J., Henderson, Trexler, Keller,
Linn and Cunningham, JJ.    Reversed.

Attachment execution.    Before Martin, P. J.

The facts are stated in the opinion of the Superior
Court.

Rule for judgment on answers filed to interroga-
tories.

The rule was made absolute.    Mutual Guarantee
Building and Loan Association appealed.

*Error assigned,* among others, was the decree of the
Court.

*Joseph P. Gaffney,* and with him *Bayard L. Buckley,*
for appellant.—No judgment can be entered upon the
answers of a garnishee unless in law and in fact they
established an indebtedness due the defendant: Alle-
gheny Savings Bank v. Meyer, 59 Pa. 361; Evans &
Groves v. Brownscombe, 8 Pa. C. C. 456; Conshohocken
Tube Co. v. Iron Car Co., 167 Pa. 592; McCallum v.
Lockhart, 179 Pa. 427; Bell v. Binding & Mailing Co.,
10 Pa. Superior Ct. 38.

*David H. Kinley,* for appellee, cited: Bernheimer v.
Stewart, 53 Pa. Superior Ct. 533; Betts v. Towanda
Gas and Water Co., 97 Pa. 367; First National Bank
of Woodstown v. Trainer, 209 Pa. 387.

Opinion by Henderson, J., March 3, 1927:

The appellant is garnishee in an attachment execu-
tion whereby the plaintiff seeks to collect the amount

of a judgment recovered against Jameson L. Clarke and revived against his executors. Clarke borrowed from the appellant $8,000 which was secured by a bond and mortgage, and as collateral security he assigned to the association 80 shares of its stock. The loan is still unpaid. Suggestion of the death of Clarke and the appointment of his executors was filed October 9, 1925; the judgment against the executors was entered for want of an affidavit of defense November 9, 1925. On the latter date the attachment execution was issued and served on the building and loan association, and on one of the executors of Clarke. On November 19, 1925, the building and loan association received a letter notifying it that Clarke had assigned his 80 shares of stock to William J. Cameron, on February 29, 1924, a copy of which assignment was enclosed with the notice. On January 12, 1926, interrogatories were filed to which the appellant filed its answers on February 1, 1926, and supplemental answers on March 3, 1926. In the answers first filed there was a denial that the building and loan association had any funds belonging to Clarke, and that there was anything due him, and also it was stated that it had received notice of the assignment by Clarke to Cameron of the stock pledged with the building and loan association. In the supplemental answers, the association stated that at the time the writ was served "Clarke's aforesaid stock had a withdrawal value to his credit of $460.96, due to him or his personal representatives; that he had assigned said stock as collateral security for his aforesaid mortgage loan; and later subject to that assignment he had assigned said stock to Cameron." On April 30, 1926, a rule for judgment against the appellant for the amount admitted in its answers and supplemental answers was filed and on May 24, 1926, the rule was made absolute and judgment entered for $460.96, less $13 for garnishee's attorney. On May 27,

1926, a fi. fa. was issued. On June 10, 1926, the appellant filed its petition and obtained a rule to open the judgment and for leave to apply for an interpleader. On July 12, 1926, with leave of court, the appellant filed amended answers setting forth the assignments of the stock above referred to and denying that at the time the writ was served there was anything due Clarke or the executors of his estate. On August 24, 1926, the court entered an order setting aside the fi. fa. and striking off the liquidation of the judgment but permitting the judgment to stand, vesting in the plaintiff all the right, title and interest of Clarke and of the executors of his estate to the stock on the date when the attachment was served. It was from this order the appeal was taken. The case rests on the interrogatories and the answers thereto. Before judgment can be taken on the answers, there must be a distinct admission of liability, such as leaves no doubt. If the facts stated appear to be insufficient to entitle the plaintiff to judgment, the court should refuse it, whereupon the plaintiff can have a rule on the garnishee to plead and proceed to trial. A garnishee's answers are not to be construed with the same strictness as an affidavit of defense. All he is required to do is to set forth such facts as are material to the admission or denial of indebtedness to the defendant. In the light most favorable to the plaintiff, the appellant was a stakeholder merely as to any part of the stock which might remain after the satisfaction of its mortgage. Until that had been accomplished, a definite amount was probably not definable and if the assignment to Cameron took place as alleged before the plaintiff obtained his judgment, there was nothing in the hands of the building and loan association subject to attachment; its responsibility being to the holder of the assigned stock. It should not be required therefore to pay to the attaching creditor when there was

a probability or prospect that it might be compelled to account to Cameron when its obligation was paid. The building and loan association had standing to invoke the protection of the court and judgment should not have been rendered against it when there was a doubt as to the defendant's title to the fund attached: Lancaster County Bank v. Gross, 50 Pa. 224; Conshohocken Tube Co. v. Iron Car Co., 167 Pa. 592; Importers and Traders National Bank v. Lyons, 195 Pa. 479. It clearly appears from the answers filed to the interrogatories that the garnishee had notice long before the plaintiff's judgment was entered that Clarke had transferred any interest he had in the stock in question to Cameron, and if such assignment were made or the building and loan association had information which gave reason to believe that all his interest in the stock had been transferred by Clarke to Cameron, the record did not support the judgment. Having been entered without authority, the court would have been warranted in setting it aside and remitting the plaintiff to an issue on the question of Clarke's ownership of any interest in the stock.

There is the further objection to the proceeding that it is an attempt to apply a portion of the estate of a decedent which is represented by executors to the payment of a debt of a particular creditor. As Clarke had died before the attachment was issued, there was no question of lien which entitled the plaintiff to priority. So far as the personal estate was concerned, he was in a class with other general creditors. It is provided in Section 9, Paragraph E, of the Act of June 7, 1917, P. L. 372, that the jurisdiction of the Orphans' Court shall extend to and embrace "the distribution of the assets and surplusage of the estates of decedents among creditors and others interested," and the prior legislation respecting the jurisdiction of the Orphans' Court was of like import. When Clarke died

the executors who were subsequently made defendants in the plaintiff's action, became entitled to the decedent's personal estate for the purpose of distribution among creditors and legatees. The plaintiff was without authority therefore to assert his right to payment of his judgment through a proceeding in the Court of Common Pleas; the result of which would perhaps prevent other creditors from equal participation in a distribution which the law committed to the Orphans' Court. Nor does the fact that the executors have not made defense to the proceeding affect the situation. The rights of creditors are involved and the jurisdiction of the Orphans' Court is impliedly denied. In the view of the case which we entertain the judgment against the garnishee was unauthorized, and on the facts presented on the record cannot be sustained. It is therefore set aside because not supported by the answers of the garnishee and for want of jurisdiction with respect to the subject matter.

The judgment is reversed.