## Montgomery v. Sher et al.

*J. Harry Wagner* and *John H. Bridenbaugh*, for plaintiff.
*M. Bernard Hoffman* and *Bertram J. Murphy*, for defendants.

SCHAEFFER, P. J., April 6, 1931.—On November 6, 1929, the plaintiff issued an attachment execution against the above-named defendants, and the next day served Barnet Sher, as garnishee, who duly caused an appearance to be entered. On December 2, 1930, the plaintiff filed a suggestion of record of the death of Barnet Sher, who died on October 6, 1930, leaving a last will and testament, since duly probated and naming executors. On December 22, 1930, the plaintiff filed interrogatories for the first time and took a rule on the executors to answer said interrogatories. Thereupon, by a petition reciting these facts, the executors obtained a rule upon the plaintiff to show cause why the suggestion of the death of the garnishee should not be stricken from the record and all proceedings thereunder quashed.

We are clearly of the opinion that, in the absence of service of the interrogatories upon the garnishee in his lifetime, the proceedings against him as garnishee terminated with his death and did not survive against his personal representatives. Garnishment proceedings do not survive at common law: Foreman Bros. Banking Co. v. Handy, 201 N. W. 951. Nor have we been referred to any statute which causes garnishment proceedings to survive the death of the garnishee. In fact, such a doctrine would interfere with the operation of our statutes regulating the distribution of the estates of decedents by the orphans' court: Stern & Co. *v.* Harrod, 90 Pa. Superior Ct. 327. "The proceedings are abated or dissolved by the death of the garnishee before answer, but not after he has answered, disclosed, or been examined, or after he has been charged:" 28 C. J. 361.

And now, to wit, April 6, 1931, the rule to show cause why the suggestion of the death of the garnishee should not be stricken from the record and the subsequent proceedings quashed is made absolute.

From Charles K. Derr, Reading, Pa.