Spitzer, Treasurer, Appellant, *v.* Buten et al.

Argued January 13, 1932. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY and DREW, JJ.

*Francis T. Anderson,* with him *Herman Moskowitz* and *William A. Gray,* for appellant.—There was no bona fide expulsion in this case; and, even assuming that there was, then Joshua S. Buten would have been entitled to receive in cash a sum in excess of $65,000.

It is, therefore, submitted that Joshua S. Buten has an interest in the said partnership in excess of the $30,000 admitted to be due, and that, therefore, the order of the court below should be reversed, and an order made appointing a receiver and charging the said interest with the payment of plaintiff's judgment.

*Herman D. Levinson,* with him *Isidore H. Schweidel,* of *Cohen, Schweidel & Krekstein,* for appellees.—The lower court, having found as a fact that a proper arrangement was made between the members of the firm of M. Buten & Sons and Joshua S. Buten, a withdrawing partner, and as a matter of fact and law that Joshua S. Buten was not a partner in the firm of M. Buten & Sons

at the time the charging order in this case was asked for, the judgment entered by the lower court is correct and this appeal should be dismissed and the judgment confirmed.

OPINION BY MR. JUSTICE MAXEY, March 24, 1932:

This case had its inception in a judgment entered by confession on July 2, 1930, in the amount of $52,078.66, this constituting the combined amount of two judgment notes dated respectively April 16, 1928, and June 4, 1928. These notes were signed by Joshua S. Buten and by all the other defendants above named. The judgment was entered in favor of M. Spitzer, treasurer of the Mutual Aid Division of the Pannonia Beneficial Association. After the entry of this judgment the court below on defendants' petition opened the same. Plaintiff appealed and this court reversed the court below and reinstated the judgment. The case is reported in 303 Pa. 572.

On May 26, 1931, on petition of defendants, the court below allowed a rule on the plaintiff to show cause why the damages should not be reassessed, with a stay of proceedings only as to any amount over $37,513.88. Plaintiff alleged that no part of this sum has been paid. Plaintiff then petitioned the court below to enter an order charging the interest of Joshua S. Buten in the partnership of M. Buten & Sons with payment of the sum of $37,513.88 with interest thereon and to appoint a receiver for Joshua S. Buten's share of the profits and for any other money due him in respect to the partnership.

Joshua S. Buten answered by averring that the partnership between him and Isadore Buten, Mottie Buten, Harry M. Buten and Fannie Buten, trading as M. Buten & Sons was dissolved on April 1, 1931, he, Joshua S. Buten, having withdrawn from the firm. He prayed that the rule to show cause why the charging order should not be made be discharged.

M. Buten & Sons made answer in which they denied that Joshua S. Buten was a partner in the firm of M. Buten & Sons. The court below held: "The application for the charging order in this case was made sometime after the dissolution of the partnership as above out-lined. ...... A charging order against the interest of a debtor partner, and appointment of a receiver for his share of the profits contemplates an existing partnership in which the debtor is a member, and entitled to receive a share of the profits. We have no such situation here. The debtor's interest in the partnership has ceased, and he is no longer entitled to any profits. The amount due him has been liquidated by agreement of the parties, and is payable to him over a period of years. He is now a creditor of the remaining partners to the amount they owe him which is subject to attachment on the judg-ment which plaintiff has against Joshua S. Buten and the other defendants named. Plaintiff accordingly has a clear, well-defined and adequate process at law through which he may reach any sums due his debtor by the lat-ter's former partners."

The court below based the foregoing conclusions upon the fact that on April 1, 1931, practically nine months after the confession of judgment on July 2, 1930, in the sum of $52,078.66, all of the five partners of M. Buten & Sons entered into an agreement whereby it was pro-vided, inter alia, that Joshua S. Buten should be per-mitted to withdraw from the said partnership, and in consideration of his withdrawal he should receive the sum of $30,000 payable over a period of eight years with-out interest.

This alleged agreement was entered into by all the partners including Joshua S. Buten notwithstanding the fact that the last annual statement, dated March 16, 1931, showed the actual value of the firm to be $265,-197.34, of which sum Joshua S. Buten was entitled to a share amounting to $65,000. Isadore Buten, Mottie Buten and Harry M. Buten were called as witnesses and

claimed that Joshua S. Buten had not withdrawn from the firm voluntarily but had been expelled from it. After the alleged expulsion of Joshua S. Buten from the firm, he was retained by the partnership at a salary of $100 per week, the same amount as he received before his alleged withdrawal or expulsion.

The plaintiff below appealed to this court from the order of the court of common pleas discharging the rule to show cause why a charging order should not be made and a receiver appointed for the alleged partner's interest.

Section 28 of the Partnership Act of 1915 provides: "On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts and inquiries which the debtor partner might have made, or which the circumstances of the case may require."

Plaintiff contends that the transaction whereby Joshua S. Buten was metamorphosed from a partner into a creditor was only a piece of legal legerdemain practiced for the sole purpose of defeating the satisfaction of plaintiff's claim. The circumstances attendant upon this transaction prima facie support plaintiff's challenge of its good faith, and the circumstances of the case require a complete inquiry into the facts surrounding the alleged withdrawal or expulsion of Joshua S. Buten from the above named partnership. Paragraph 9, section 41 of the Partnership Act expressly reasserts a creditor's right to set aside any assignment on the ground of fraud. Before the case is retried the plaintiff should properly plead the fraud which he claims is at-

tempting to cover up the fact that Joshua S. Buten is still a member of the firm of M. Buten & Sons.

Judgment reversed with a procedendo.