Northampton Brewery Corporation *v.* Lande (et al., Appellants).

Argued October 12, 1938.

Before KELLER, P. J. CUN-NINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Cecil P. Harvey,* with him *David A. Flacker,* for appellants.

*Abram P. Piwosky,* with him *Samuel I. Sacks,* of *Sacks and Piwosky,* for appellee.

Opinion by Keller, P. J., November 18, 1938:

The plaintiff, Northampton Brewery Corporation, obtained a judgment against Beatrice Lande, and issued an attachment execution thereon summoning the said Beatrice Lande and David Lande, (her husband), trading as Dave's Grill, and The Keg, as garnishees.

After interrogatories to the garnishees had been filed by the plaintiff and answers thereto had been filed by the garnishees, the action came on for trial before Judge Crane, sitting without a jury, who found for the plaintiff and against the garnishees in the sum of $614.70, the full amount of the judgment with interest, on which judgment was entered against the garnishees. The garnishees appealed.

The garnishees contended in the court below, and urged upon this court, that, as they were husband and wife, the restaurant businesses which they carried on, trading as Dave's Grill and The Keg respectively, were owned and conducted by them as tenants by the entireties and were not subject to attachment, levy or execution to satisfy a judgment against either husband or wife individually. We are not required, in this case, to decide whether a husband and wife who operate a joint business as a firm—essentially a partnership business—are, as respects the business so carried on, to be regarded as tenants by the entireties, with the incidents attaching to such tenancy, rather than as partners, for a basic error in the proceedings, apparent on the face of the record, requires us to reverse this judgment.

It is well settled in this State, that the interest of a partner in a going partnership business, where there has been no settlement of his partnership account, nor segregation or liquidation of his interest in the partnership, and no money has been lent by the partner to the partnership, is not subject to attachment execution on a judgment recovered against the individual partner:

*Knerr v. Hoffman,* 65 Pa. 126, 129; *Horne & Co. v. Petty,* 192 Pa. 32, 38, 40, 43 A. 404; *Importers & Traders Nat. Bank v. Lyons,* 195 Pa. 479, 482, 46 A. 70; *Rankin v. Culver,* 303 Pa. 401, 403, 154 A. 701 (1931).

The reason underlying this principle is that the interest of a partner in a going partnership, where there has been no settlement of his account, is not a *debt* due to the partner by the partnership, within the language or intendment of the Act of June 16, 1836, P. L. 755, Section 35, page 767, authorizing the attachment in execution of *debts* due a defendant in a judgment. While the Act of April 8, 1873, P. L. 65, which contained specific directions for the levy and sale in execution of the interest of the judgment debtor in the partnership, has been repealed by the Uniform Partnership Act of March 26, 1915, P. L. 18, p. 32, we are not certain that the general power to proceed against the partner's interest in the partnership by writ of fieri facias, which existed before the passage of the Act of 1873 and was referred to by Judge SHARSWOOD in 1870, on page 129, of *Knerr v. Hoffman,* supra, has been taken away. The Uniform Partnership Act of 1915, supra, does provide in Section 25(2)(c) that "A partner's right in *specific partnership property* is not subject to attachment or execution, except on a claim against the partnership," and in Section 28(1), "On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts and inquiries which the debtor partner might have made, or which the circumstances of the case may require."

The phrase "may *charge* the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt" etc. was taken from the English Partnership Act of 1890, (53-54 Victoria, c. 39)—see appendix to 7 Uniform Laws Annotated p. 71 et seq.— where in Section 23(2) the procedure against partnership property for a partner's separate judgment debt, is outlined in substantially the same general terms used in Section 28(1) of our act.

Our Supreme Court considered Section 28 of the Uniform Partnership Act in the case of *Spitzer v. Buten,* 306 Pa. 556, 160 A. 444, and, by implication, approved the practice of the judgment creditor filing a petition in the court where the judgment was obtained, praying the court to enter an order charging the interest of the debtor partner in the partnership with payment of the judgment debt, and appointing a receiver for his share of the profits or any other money coming to him in respect to the partnership, to which answers may be filed by the judgment debtor and the partnership, respectively, and a full inquiry be had into the facts, the court exercising equitable jurisdiction in the matter.

Certainly, the case lends no support to the proposition that the long established law and practice of this Commonwealth with respect to attachments in execution have been changed by the enactment of the Uniform Partnership Act. A desire to secure uniformity of procedure in the law of partnership will not be permitted impliedly to change the long settled law and practice relative to attachments in execution. See *Williams Patent Crusher Co. v. Reily,* 118 Pa. Superior Ct. 64, 73, 180 A. 156, where we refused to permit a construction of the Uniform Conditional Sales Act of May 12, 1925, P. L. 603, and its amendment of May 12, 1927, P. L. 979, which would disturb and cause confusion and lack of uniformity in our law relating to executions.

The commissioners' note to Section 25, subdivision (2-c), appearing in 7 Uniform Laws Annotated p. 39, which states that the "net result of the remedial law, as worked out in law and at equity, is that a judgment creditor of a separate partner may attach and sell his interest in partnership property" either used the word "attach" carelessly, or, as applied to Pennsylvania practice, in the sense of "levy upon."

The provisions of the Uniform Partnership Act above referred to have been construed by the Appellate Division of the Supreme Court of New York in *Rader v. Goldoff*, 223 App. Div. 455, 228 N. Y. Supp. 453, and by the Supreme Court of Minnesota in *Windom National Bank v. Klein*, 191 Minn. 447, 254 N. W. 602, and their conclusions are not in conflict with the views herein expressed.

The testimony in the present case establishes that the garnishees are conducting two restaurant businesses, known as Dave's Grill and The Keg respectively. It fails to show any settlement of the partnership account of Beatrice Lande, the defendant in the judgment, or any segregation or liquidation of her interest in the partnership. It fails to show any loan made by Beatrice Lande to the partnership or any money borrowed by the partnership from the judgment debtor, or anything which could be considered a debt due by the partnership to her within the provisions of the Act of June 16, 1836, supra, and its amendments and supplements. Hence the judgment against the garnishees cannot be sustained and must be reversed.

The judgment against the garnishees is reversed and is here entered in their favor.