J-S09034-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VICTOR SIMMONS | : | |
| | : | |
| Appellant | : | No. 2636 EDA 2025 |

Appeal from the Order Entered August 27, 2025
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000890-2017

BEFORE: MURRAY, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MARCH 26, 2026**

Appellant Victor Simmons files this *pro se* appeal from the order of the Court of Common Pleas of Montgomery County denying Appellant's petition seeking the *nunc pro tunc* reinstatement of his rights pursuant to the Post Conviction Relief Act (PCRA).[1] As the lower court correctly deemed this filing to be an untimely PCRA petition, we affirm.

On December 14, 2017, Appellant entered a negotiated guilty plea to two counts of robbery (demanding money from a financial institution) and one count of robbery (causing fear of death or serious bodily injury) in connection with his robbery spree of two separate banks and a Walmart. On the same day, the trial court sentenced Appellant to an aggregate term of fourteen to thirty years' imprisonment. On December 21, 2017, Appellant filed a motion

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

to withdraw his guilty plea, which the trial court denied on January 5, 2018. This Court affirmed the judgment of sentence on July 22, 2019 and the Supreme Court denied Appellant's petition for allowance of appeal on March 16, 2020. *See Commonwealth v. Simmons*, 2019 WL 3290645 (Pa.Super. July 22, 2019), *appeal denied*, 65 Pa. 126, 227 A.3d 316 (2020).

On March 25, 2020, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed Appellant counsel, who filed an amended PCRA petition. During the pendency of the petition, Appellant waived his right to counsel, was granted leave to proceed *pro se*, and filed additional amendments to the petition. The PCRA court gave notice of its intention to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907 on February 28, 2022, and then subsequently dismissed the petition on April 21, 2022.

On May 30, 2023, this Court dismissed the appeal of Appellant's first PCRA petition, citing "substantial briefing defects in Appellant's Brief, which fatally hamper[ed] our ability to conduct meaningful appellate review." *Commonwealth v. Simmons*, 2023 WL 3721514, at *2 (Pa.Super. May 30, 2023), *appeal denied*, 313 A.3d 943 (Pa. 2024). The Supreme Court denied Appellant's petition for allowance of appeal on February 20, 2024.

On March 5, 2024, Appellant filed a second PCRA petition as well as an amendment to the petition on April 8, 2024. On May 9, 2024, the PCRA court issued its Rule 907 notice as it found that the petition was untimely filed and did not meet an exception to the PCRA timeliness bar. On August 9, 2024, the PCRA court issued a final order dismissing Appellant's second petition. On

May 2, 2025, this Court affirmed the PCRA court's denial of Appellant's second petition. *See Commonwealth v. Simmons*, 2399 EDA 2024 (Pa.Super. May 2, 2025).

On August 19, 2025, Appellant filed a *pro se* application seeking to have his PCRA rights reinstated *nunc pro tunc*. Appellant challenged this Court's May 30, 2023 decision to dismiss the appeal of his first PCRA petition based on deficiencies in Appellant's appellate brief. Appellant claims his appeal could not be dismissed on procedural grounds as he alleges that he raised a challenge to the legality of his sentence, which Appellant argues could not be waived. On August 26, 2025, the lower court entered an order denying this petition. This appeal followed.

In its decision pursuant to Pa.R.A.P. 1925(a), the lower court found that Appellant's petition seeking to have his PCRA rights reinstated *nunc pro tunc* was an untimely PCRA petition.[2] We agree. Section 9542 of the PCRA provides:

> This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral

---

[2] We note that the PCRA court failed to issue Rule 907 notice before denying Appellant relief. Nevertheless, Appellant has waived a challenge to this defect as he did not raise this issue on appeal. *Commonwealth v. Zeigler*, 148 A.3d 849, 852 n.2 (Pa.Super. 2016) (citing *Commonwealth v. Taylor*, 65 A.3d 462 (Pa.Super. 2013) (clarifying that the appellant's failure to challenge on appeal the PCRA court's failure to provide Rule 907 notice results in waiver of claim). Further, "failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely." *Zeigler*, 148 A.3d at 852 n.2.

- 3 -

relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis.* This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction. Except as specifically provided otherwise, all provisions of this subchapter shall apply to capital and noncapital cases.

42 Pa.C.S.A. § 9542. "The plain language of [Section 9542] demonstrates quite clearly that the General Assembly intended that claims that could be brought under the PCRA must be brought under that Act." **Commonwealth v. Hall**, 565 Pa. 92, 771 A.2d 1232, 1235 (2001). "Issues that are cognizable under the PCRA must be raised in a timely PCRA petition .... Regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA." **Commonwealth v. Hagan**, 306 A.3d 414, 421-22 (Pa.Super. 2023) (citations omitted).

Appellant's underlying claim in the instant petition that he received an illegal sentence clearly falls within the framework of the PCRA. "Challenges to the legality of one's sentence are cognizable under the PCRA." **Commonwealth v. Davey**, 345 A.3d 1218, 1225 (Pa.Super. 2025) (citing **Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa.Super. 2004). As the PCRA was the exclusive means for Appellant to raise this issue, the trial court did not err in construing Appellant's filing as a PCRA petition subject to the PCRA's timeliness bar. Appellant's mere captioning of his petition as an application

seeking the reinstatement of his PCRA rights *nunc pro tunc* cannot exempt him from satisfying the PCRA timeliness requirements.

It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." ***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted). Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

In this case, the trial court entered the judgment of sentence on December 14, 2017, this Court affirmed the judgment of sentence on July 22, 2019, and the Supreme Court denied Appellant's petition for allowance of appeal on March 16, 2020. As such, the judgment of sentence became final

on June 15, 2020, when the time period for filing a petition for writ of *certiorari* with the United States Supreme Court expired. **See** U.S. Sup.Ct. R. 13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case … is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"). Thus, Appellant had until June 15, 2021, to file a timely PCRA petition. As such, the instant petition, filed on August 19, 2025, is facially untimely.

Appellant claims his untimely petition should be excused on the grounds of the governmental interference exception, pointing to this Court's May 30, 2023 decision to dismiss the appeal from the denial of his first PCRA petition due to Appellant's fatally defective brief. He claims that this Court improperly denied him of his "absolute right" to challenge an illegal sentence through his first PCRA petition.

Appellant cannot characterize the dismissal of his first PCRA petition as governmental inference when the appeal was denied due to his own failure to comply with this Court's rules of appellate procedure regarding briefing. To the extent that Appellant attempts to claim that this Court erred in dismissing his first petition, we note that Appellant did have an opportunity to directly appeal that decision when he filed a petition for allowance of appeal, which was ultimately denied by our Supreme Court.

While Appellant suggests there was a breakdown in court process when this Court did not *sua sponte* address the potential illegality of his sentence in the appeal of his first PCRA petition, he has not identified any authority

requiring this Court to do so. "Although an appellate court **may** *sua sponte* raise and address issues concerning illegal sentences, we may also decline to do so where appropriate." *Commonwealth v. Armolt*, 294 A.3d 364, 377–78 (Pa. 2023) (quoting *Commonwealth v. Hill*, 662 Pa. 127, 238 A.3d 399, 410, n.11 (2020) (internal quotation marks omitted, emphasis in original)). "[E]ven with respect to legality of sentencing claims, appellate courts retain discretion to enforce procedural rules and jurisdictional limits and require such claims be properly presented at the time they are raised in order to obtain review thereof." *Armolt*, 294 A.3d 364, 378 (citation omitted).

Further, the fact that Appellant's underlying claim in the instant petition raised a challenge to the legality of sentence does not allow him to evade the PCRA court's timeliness requirements. Our courts have recognized that "while challenges to the legality of a defendant's sentence cannot be waived, they ordinarily must be raised within a timely PCRA petition." *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214, 223 (1999)).

> Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. Thus, a collateral claim regarding the legality of a sentence can be lost for failure to raise it in a timely manner under the PCRA.

*Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa.Super. 2013) (citations omitted).

As such, the PCRA court did not have jurisdiction to review Appellant's PCRA petition in this case as it was facially untimely and did not satisfy one of the PCRA timeliness exceptions.

For the foregoing reasons, the PCRA court did not err in dismissing Appellant's petition as untimely filed.

Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/26/2026